**Nancy L. EWOLDT, as Administrator for the Estate of Steven Scott White, Plaintiff–Appellant,**

v.

**CITY OF IOWA CITY, Defendant–Appellee.**

**Nancy L. EWOLDT, As Administrator for the Estate of Steven Scott White, Plaintiff–Appellant,**

v.

**STATE of Iowa, Defendant.**

No. 87–1081.

Court of Appeals of Iowa.

Feb. 23, 1989.

Peter H. Lousberg, of Lousberg, Kopp & Bonnett, Rock Island, for plaintiff-appellant.

John W. Hayek and David E. Brown, of Hayek, Hayek, Hayek & Holland, Iowa City, for defendant-appellee Iowa City.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

OXBERGER, Chief Judge.

Plaintiff appeals the district court ruling granting defendant's motion for summary judgment. Plaintiff claims: (1) the district court improperly granted defendant's motion for summary judgment; (2) the court did not apply the correct standards of due care; (3) the police department had a legal duty to detain citizens for the protection of a third-person; (4) the city had a legally recognized duty to the decedent; and (5) the risk of harm was foreseeable.

Our review is for the correction of errors at law. Iowa R.App.P. 4. Findings of fact

by the trial court are binding upon this court if supported by substantial evidence. Iowa R.App.P. 14(f)(1). Evidence is substantial when a reasonable mind would accept it as adequate to reach the same findings. *Norland v. Iowa Dep't of Job Serv.,* 412 N.W.2d 904, 913 (Iowa 1987). Evidence is not insubstantial merely because it would have supported contrary inferences. *Id.* We affirm.

Plaintiff Nancy L. Ewoldt is the administrator of the estate of Steven Scott White, who was her son. On the evening of May 26, 1981, David Oppelt came to the Crisis Center in Iowa City and asked to be taken to the mental health institution in Mt. Pleasant. Oppelt had a history of mental illness. Volunteers at the Crisis Center described Oppelt as talking and moving slowly, his eyes were unfocused, and he was "shaky" and "out of it." Oppelt was advised to go to the Iowa City police station to see if transportation could be arranged. He asked the desk clerk, Donna M. Bogs, for a ride to Oakdale Hospital. Bogs assumed that he wanted alcohol treatment. No police officers were free to transport Oppelt and he was told to return to the Crisis Center. The center contacted Oppelt's psychiatrist and were told nothing could be done for him. Oppelt then left the Crisis Center. About twenty-four hours later Oppelt murdered Steven Scott White.

Plaintiff brought this action against the City of Iowa City claiming it had breached its duty to protect White from Oppelt. The city filed a motion for summary judgment and the district court granted the motion.

In deciding whether summary judgment is appropriate, we apply the standards which have been set:

Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to the judgment as a matter of law. The burden of showing the nonexistence of a material fact is upon the moving party. While an adverse party generally cannot rest upon his pleadings when the moving party has supported his motion, summary judgment is still not proper if reasonable minds could draw different inferences

and conclusions from the undisputed facts. In this respect, summary judgment is functionally akin to a directed verdict; every legitimate inference that reasonably can be deduced from the evidence should be afforded and nonmoving party, and a fact question is generated if reasonable minds could differ on how the issue should be resolved.

*Behr v. Meredith Corp.,* 414 N.W.2d 339, 341 (Iowa 1987) (citing *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984) (quoted in *Martinko v. H–N–W Assocs.,* 393 N.W.2d 320, 321 (Iowa 1986)); *see also Brubaker v. Barlow,* 326 N.W.2d 314, 315 (Iowa 1982); *McCarney v. Des Moines Register & Tribune Co.,* 239 N.W.2d 152, 154 (Iowa 1976); Iowa R.Civ.P. 237(c) ("The judgment sought shall be rendered forthwith if ... there is no genuine issue as to any material fact....").

Appellant asserts that the city is responsible for the death of Steven White for failure to take David Oppelt into custody on the night of May 26, 1981. Appellant also asserts there is a statutory duty under Iowa Code section 229.22:

".... any peace officer who has reasonable grounds to believe that a person is mentally ill and because of that illness is likely to physically injure the person's self or others, if not immediately detained may without a warrant take or cause that person to be taken to the nearest available facility:"

██ Negligence is a common law tort that is generally defined as conduct that "falls below the standard established by law for the protection of others against unreasonable risk of harm. Restatement (Second) of Torts, section 282 (1965). The threshold element of a negligence action is a duty or standard of care owed by the actor to the victim. *See Wilson v. Nepstad,* 282 N.W.2d 664, 667 (Iowa 1979). A statutory duty or standard may thus establish an essential element for a negligence action; however, it does not provide the cause of action. *Seeman v. Liberty Mut. Ins. Co.,* 322 N.W.2d 35, 37 (Iowa 1982).

██ We have not recognized a duty in this state as the one proposed by the appel-

lant. Restatement (Second) of Torts, section 315 provides:

> There is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless there exists a special relation between the actor and the third person which imposed a duty upon the actor to control the third person's conduct, or a special relation exists between the actor and the other which gives the other a right to protection.

Appellant contends the police department has a legal duty to detain a person who appeared in a mental or physical condition similar to David Oppelt's on May 26, 1981. "No jurisdiction recognizes liability of government or its law enforcement officers for failure to prevent crime absent a special relationship between the police and the victim." *Police Liability for Negligent Failure to Prevent Crime*, 94 Harv.L.Rev. 821, 822–23 (1981). The victim of crime the police might have prevented through reasonable diligence cannot recover because, absent a special relationship creating a duty, the police did not owe the victim a duty of care. *Id.* at 824.

The City of Iowa City had no legal duty to detain David Oppelt nor to transport him to an alcoholic unit at Oakdale Hospital. We also fail to find David Oppelt's physical or mental condition or his request to be transported to the hospital to create a special relationship. *See* Restatement (Second) of Torts, section 315 (1981).

Appellant also contends there was error in finding the risk of harm in this case was not foreseeable. Negligence is a matter of relation between the parties which must be founded upon the foreseeability of harm to the injured person. *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928). *See also* Restatement of Torts, section 281.

David Oppelt's appearance on the night of May 26, 1981, was described as "shaky" and "out of it." He did not appear dangerous or violent. He was able to communicate with persons at the police station and at the Crisis Center. We find his action of murdering someone was not foreseeable.

Our review of the record, even in a light most favorable to the appellant, fails to reveal a genuine issue of material fact. We find no duty exists here and thus appellee Iowa City is entitled to judgment as a matter of law. We affirm the trial court's grant of summary judgment.

AFFIRMED.