Joann E. SANKEY, Richard R. Sankey, and Kristine Sankey, By Her Next and Best Friend, Richard Sankey, Appellants,

v.

Jerry RICHENBERGER, Appellee.

Ronald DUPREE and Mary Dupree, Appellants,

v.

Jerry RICHENBERGER, Appellee.

No. 89–642.

Supreme Court of Iowa.

May 23, 1990.

Thomas S. Reavely, Des Moines, for appellants.

William J. Cahill of Hirsch, Adams, Hoth, Krekel, Putnam & Cahill, Burlington, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

The plaintiffs in this case are the unfortunate victims of a shooting spree that occurred in the Mt. Pleasant city council chambers on December 10, 1986. Their suit is directed at defendant Jerry Richenberger, the Mt. Pleasant police chief, for his alleged failure to take action to subdue the gunman and protect council members Joann Sankey and Ronald Dupree from injury. The district court ruled as a matter of law that Richenberger had no duty to these individual plaintiffs under the circumstances. We agree and affirm the district court's entry of summary judgment for the defendant.

I. *Scope of Review.*

Plaintiffs claim this case was not ripe for summary judgment because material facts are in dispute concerning the action Richenberger should have taken to protect the plaintiffs. *See* Iowa R.Civ.P. 237(c) (moving party entitled to judgment as a matter of law only if supporting documents show there is no genuine issue as to any material fact). While we agree that negligence actions are seldom capable of summary adjudication, *see* Iowa R.App.P. 14(f)(10), the threshold question in any tort case is whether the defendant owed the plaintiff a duty of care. *Wilson v. Nepstad,* 282 N.W.2d 664, 667 (Iowa 1979). Whether such a duty exists is a question of law. *Anthony v. State,* 374 N.W.2d 662, 668 (Iowa 1985).

As we view the record before us in the light most favorable to the plaintiffs, we agree with the district court that the facts underlying the plaintiffs' claim of duty are not disputed. Because the only issue is the legal consequences flowing from those undisputed facts, resolution by way of summary judgment is proper. *Emmet County State Bank v. Reutter,* 439 N.W.2d 651, 653 (Iowa 1989). Our review is for the correction of errors at law. *Id.;* Iowa R.App.P. 4.

II. *Background Facts and Proceedings.*

On December 10, 1986, the Mt. Pleasant city council met in a regularly scheduled session in the council chambers. Defendant Jerry Richenberger, along with other administrative department heads, was in attendance at the meeting to answer questions that might arise concerning the police department. Richenberger was seated on the dais along with the mayor and council members. At the specific request of the mayor, he was unarmed.

Just after 9:00 p.m., Ralph Oren Davis entered the council chambers and went directly to Councilman Ronald Dupree. Because the City and Davis were engaged in a dispute over Davis' sewer bill, Davis' appearance was not unusual and all assumed he was approaching the dais to return a sewer bill. Instead, Davis pulled a revolver out of his coat and began firing at Dupree.

After the first shot was fired, council members, staff persons and Richenberger dropped to the floor beneath the council table. Richenberger's first thought was to get his shotgun out of his squad car in the parking lot. After a few moments, he and the others got up and ran along the east wall of the council chambers to exit the east and north doors. As they were leaving, they heard more shots being fired.

Richenberger was unable to get his firearm because the keys to his car were in the pocket of his coat hanging in the mayor's office. The city attorney, who had remained in the chambers, eventually tackled Davis, but not before Davis had shot Councilwoman Joann Sankey and killed the mayor, Edd King. Meanwhile, Richenberger called for help and then returned to the council chambers to assist in Davis' arrest.

Sankey and Dupree, joined by their spouses and Sankey's minor daughter, sued Richenberger for negligence and gross negligence on grounds that plaintiffs have summarized on appeal as "failing to take the appropriate action(s) after Mr. Davis began firing to stop the carnage at the city hall in Mt. Pleasant the evening of December 10, 1986." Sankey and Dupree also maintained claims against the city for workers' compensation benefits. Because of these claims, the trial court ruled preliminarily that Richenberger was entitled to partial summary judgment on the negligence counts of plaintiffs' petition. It reasoned that because the plaintiff council members and Richenberger were all employed by the city, the parties were co-employees and Richenberger's liability, if any, was limited by the gross negligence standard of Iowa Code section 85.20. That ruling is not challenged on appeal.

With only the allegations of gross negligence remaining, Richenberger moved for summary judgment on two grounds: (1) that the uncontroverted facts do not support the contention that he owed either a common law or statutory duty to these plaintiffs; and (2) that the facts fail, as a matter of law, to establish gross negligence. The district court did not find it necessary to reach the gross negligence issue for it ruled, as a matter of law, that Richenberger owed no legal duty to protect these plaintiffs from Davis' unanticipated assault. From summary judgment for Richenberger, plaintiffs now appeal.

### III. *Arguments on Appeal.*

Plaintiffs advance two principal arguments to support reversal. First, they claim that the city ordinances under which the police department functions create the legal duty of protection upon which Richenberger's liability for gross negligence is premised.[1] In the alternative, they argue that Richenberger's affirmative action of leaving the council chambers to get his weapon demonstrates that he assumed a duty of care toward these plaintiffs which should be actionable if executed in a grossly negligent manner. For the reasons which follow, we find no merit in plaintiffs' contentions.

▇▇ First, although a statute may articulate a duty or standard of care applicable to the performance of a governmental function, it does not thereby create a cause of action. *M.H. by and through Callahan v. State*, 385 N.W.2d 533, 537 (Iowa 1986).

1. The police department rules adopted by city ordinance state, in pertinent part, "all members of the police department shall be on duty twenty-four hours a day, every day of the year." The police chief's job summary imposes responsibility for "maintenance of law and order; protection of life and property; preservation of peace; prevention of crime; arrest of violators; enforcement of Federal, State, County and Municipal statutes, ordinances, laws, rules, including pertinent traffic, safety and security regulations." The rules further provide that the chief of police "will above all preserve the public peace and protect the lives and property of others."

An actionable duty is defined by the relationship between individuals; it is a legal obligation imposed upon one individual for the benefit of another person or particularized class of persons. *Larsen v. United Federal Sav. & Loan Ass'n,* 300 N.W.2d 281, 285 (Iowa 1981); *Wilson,* 282 N.W.2d at 667; *Wittrup v. Chicago & Northwestern Ry.,* 226 N.W.2d 822, 823 (Iowa 1975). We read nothing in the Mt. Pleasant city ordinances which would create a particularized duty running from the police chief to the council members that could be distinguished from the police chief's general duty to keep the peace in Mt. Pleasant. Although technically "on duty," Richenberger was not present at the council meeting to provide security for council members. All of the sworn testimony submitted in connection with the summary judgment motion confirms his role at the meeting as that of administrative department head only.

Plaintiffs claim this public duty/private obligation dichotomy has been effectively eliminated by our abrogation of the public duty doctrine in *Wilson v. Nepstad,* 282 N.W.2d at 673. Plaintiffs' reliance on *Wilson,* however, is misplaced. *Wilson* involved a suit by tenants against a city for fire damage resulting from a negligent building inspection. *Id.* at 666. We reversed the trial court's dismissal for failure to state a cause of action, reasoning that the ordinances in issue "were designed for the protection of a special, identifiable group of persons—lawful occupants of multiple dwellings—from a particular harm, injury or death from fire." *Id.* at 672. Taking the pleadings in *Wilson* as true, we held it could not be said as a matter of law that "the city owed no duty to occupants of the apartment building in question." *Id.* at 673.

The question of duty in the case before us arises not on a motion to dismiss but on a full summary judgment record. Neither the facts nor the law support the contention that Richenberger's general duty as a police officer created a legal obligation to these individual plaintiffs. We quote the general rule:

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection.

Restatement (Second) of Torts § 315 (1965). On numerous occasions since *Wilson,* the court has applied the Restatement rule to immunize police officers from liability consistent with the principle that public employees share the same—but not greater—liability to injured parties as other defendants under like circumstances. *See Fitzpatrick v. State,* 439 N.W.2d 663, 667–68 (Iowa 1989) (parole officer had no legal duty to police officer injured by parolee given lack of special relationship between actor and victim); *Ewoldt v. City of Iowa City,* 438 N.W.2d 843, 844–45 (Iowa App. 1989) (city had no duty to detain mentally ill person absent special relationship); *Hildenbrand v. Cox,* 369 N.W.2d 411, 415 (Iowa 1985) (no special relationship existed between motorist and investigating officer that would give rise to liability toward motorist who subsequently drove auto to his death); *Smith v. State,* 324 N.W.2d 299, 302 (Iowa 1982) (Iowa Tort Claim Act does not create negligence liability for police officers otherwise immune therefrom at common law).

As the court of appeals noted in *Ewoldt,* "no jurisdiction recognizes liability of government or its law enforcement officers for failure to prevent crime absent a special relationship between the police and the victim." *Ewoldt,* 438 N.W.2d at 845 (quoting Note, *Police Liability for Negligent Failure to Prevent Crime,* 94 Harv.L. Rev. 821, 822–23 (1981)). The record before us reveals no special relationship between Richenberger and these plaintiffs that would prompt us to depart from the rule announced in the cases cited above. Moreover, it is a fundamental rule of negligence law that the relationship giving rise to a duty of care must be premised on the

foreseeability of harm to the injured person. *Ewoldt*, 438 N.W.2d at 845. The record before us is devoid of any evidence that the council members or Richenberger could reasonably foresee Ralph Davis' violence and take precautions against it.

 We are also unwilling to rest liability on plaintiffs' second contention that Richenberger assumed a duty to protect the plaintiffs from Davis' assault when he fled the council chambers to get his weapon. Plaintiffs support this theory by reference to cases involving improper gratuitous inspections and the harm flowing to persons relying thereon. *See, e.g., Thompson v. Bohlken*, 312 N.W.2d 501, 507–08 (Iowa 1981). The record before us reveals no such reliance by the plaintiffs. Plaintiffs concede that they customarily relied on Richenberger for administrative input, not security, at council meetings. He was specifically requested to be unarmed. Moreover, it cannot be said that Richenberger created the condition which placed these plaintiffs' safety in jeopardy. To impose a duty of protection on Richenberger under these circumstances would contravene the public policy underlying the common-law rule: to assure vigorous police protection free from the chilling effect of liability for split-second decisions.

In summary, we hold that neither the Mt. Pleasant city ordinances nor the common law imposed a duty upon Richenberger to control the conduct of Ralph Oren Davis to prevent the harm suffered by these plaintiffs. The district court correctly decided the question as a matter of law on the record before it. We affirm.

AFFIRMED.