Tracy KNAKE and Deborah
Knake, Appellants,

v.

Timothy J. KING, Appellee.

No. 92–236.

Supreme Court of Iowa.

Nov. 25, 1992.

C.A. Frerichs of Fulton, Frerichs, Martin & Andres, P.C., Waterloo, for appellants.

Stephen J. Powell, Samuel C. Anderson of Swisher & Cohrt, Waterloo, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

Tracy and Deborah Knake appeal from a district court order granting Timothy King's summary judgment motion and dismissing the Knakes' petition in negligence. Tracy was seriously injured when his snowmobile struck a vehicle owned by Timothy and parked on a frozen lake. The district court concluded that, under the facts in this case, Timothy owed no legal duty to Tracy that would give rise to a negligence claim. We reverse and remand.

The material facts in this case are largely undisputed. In reviewing a grant of summary judgment, we nevertheless examine the facts in the light most favorable to the party that opposed the motion. *Matherly v. Hanson*, 359 N.W.2d 450, 453 (Iowa 1984).

On January 25, 1990, Tracy Knake and some friends went snowmobiling around a public area of the Maquoketa River known as Lake Delhi. The lake was frozen and was covered with five to six inches of fresh snow from the prior day. During the day, they had traveled across the lake and on several trails. No vehicles were parked on the lake at this time. Around 6:00 p.m., Tracy and his friends stopped at a nearby restaurant for pizza. At about 6:20 p.m., they left the pizza place and proceeded to

return home on their snowmobiles. It was dusk at the time.

Returning home, Tracy and his friends followed the trails they had used earlier. Tracy was leading the group with two other snowmobilers behind him and on each side. Tracy was operating his snowmobile in the dark because his snowmobile did not have working lights. One of the other snowmobiles did have lights.

Between 6:30 p.m. and 7:15 p.m., Tracy and his friends proceeded to cross Lake Delhi over prior snowmobile tracks. Traveling about thirty miles per hour, Tracy ran into the driver's side of Timothy King's GMC Suburban. The Suburban was not illuminated. At the time, King and another friend were ice fishing in a tent just opposite the Suburban. The Suburban was parked directly over several snowmobile tracks including, apparently, tracks made by Tracy and his friends earlier in the day. As a result of the accident, Tracy was seriously injured. The Knakes subsequently filed a petition in negligence seeking damages from King.

 Negligence is generally defined as conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm. *Ewoldt v. City of Iowa City*, 438 N.W.2d 843, 844 (Iowa App.1989). The threshold element for a negligence action is a duty or standard of care owed by the actor to the victim. *Id.* A particular relationship between the actor and victim is not an absolute requirement in establishing a legal duty or standard of due care, especially when the consequences of a negligent act causes harm to another. *Keller v. State*, 475 N.W.2d 174, 179 (Iowa 1991). Generally, the issue is whether the defendant acted as would a reasonably careful person under like circumstances. *Brichacek v. Hiskey*, 401 N.W.2d 44, 47 (Iowa 1987). The question whether a party's conduct is reasonable is usually a fact question for the jury rather than a question of law. *Id.*

Our review of the record, in a light most favorable to the Knakes, reveals a genuine issue of fact concerning whether King was negligent towards Tracy Knake.

We cannot say, as a matter of law, that King breached no standard of care or duty to others, such as snowmobilers, when he parked his unlighted vehicle on a frozen lake, at night, over visible snowmobile tracks. The district court erred when it granted King's summary judgment motion based on a finding that King owed no legal duty to the Knakes. Accordingly, we reverse and remand this case to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.