Patricia and Michael Riniker appeal from the order granting summary judgment and dismissing their action against Locust Street Securities, Inc. (LSSI). We affirm.
Background Facts and Proceedings.
A reasonable person could find the following facts from the summary judgment record. Allan Rausch operates a financial services and insurance company known as Rausch Financial Services, through which he offers clients an assortment of financial products such as mutual funds and insurance policies sold by LSSI and various other financial services companies. Raush was legally authorized to sell securities only if he marketed them through a licensed securities broker-dealer such as LSSI.
In 1999, Wendall Carter sought investment advice from Rausch. With Rausch's advice and assistance, Carter elected to sell $1.2 million worth of Amoco stock and invest the proceeds in four charitable gift annuities issued by Mid-America Foundation. The annuity contracts obligated Mid-America to make fixed monthly annuity payments to Carter until his death; and after Carter's death to make such payments to the second annuitants, the Rinikers, until their deaths; and thereafter to pay the remainder to charities designated by Carter. Payments were made to Carter according to the terms of the contract until September of 2001 when Carter was notified that Mid-America had failed financially and would not make further payments. Soon after learning of Mid-America's failure, Carter died.
The Rinikers, individually and as executors of the estate of Wendall Carter, subsequently sued Rausch and LSSI. Against LSSI, the Rinikers asserted claims of negligence, breach of fiduciary duty, equitable fraud, constructive fraud, negligent misrepresentation, unsuitability, breach of oral/implied contract, breach of the duty of good faith and fair dealing, vicarious liability, and negligent supervision.
LSSI later sought and the district court granted summary judgment concluding: (1) LSSI was Rausch's broker only as to sales of securities; (2) a charitable gift annuity is not a "security"; and (3) as Rausch was not an agent of LSSI in the sale of the annuities to Carter, LSSI was not vicariously liable for the claims asserted by the plaintiffs. The district court further held the fraud and misrepresentation claims against LSSI must fail because there was no evidence that the company made any representations to the plaintiffs about the Mid-American annuity. The plaintiffs' case against Rausch concluded when a settlement was reached in November of 2005. This appeal from the summary judgment ruling followed.
Scope and Standards of Review.
Our supreme court summarized rules governing our review of summary judgment rulings in Hegeman v. Kelch:
 We review a summary judgment ruling for correction of errors at law. Summary judgment is appropriate under Iowa Rule of Civil Procedure 1.981 only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. We examine the record before the district court to determine whether any genuine issue of material fact exists and whether that court correctly applied the law.
Hegeman v. Kelch, 666 N.W.2d 531, 533 (Iowa 2003) (citations omitted). The facts in the summary judgment record are viewed in the light most favorable to the party opposing the motion.[1] Matherly v. Hanson, 359 N.W.2d 450, 453 (Iowa 1984).
The Rinikers' appeal, in part, raises the issue of whether LSSI owed a duty to the plaintiffs in connection with Rausch's sale of the annuities to Carter. Because the existence of a duty is a legal issue for the court, summary judgment is a proper vehicle to resolve this issue. Kolbe v. State, 625 N.W.2d 721, 725
(Iowa 2001).
Discussion.
A. Duty. We first address the district court's conclusion that LSSI owed no duty to the plaintiffs in connection with the sale of the charitable gift annuities in this case. A legal duty "is defined by the relationship between individuals; it is a legal obligation imposed upon one individual for the benefit of another person or particularized class of persons." Sankey v.Richenberger, 456 N.W.2d 206, 209 (Iowa 1990). "Whether, under a given set of facts, such a duty exists is a question of law."Leonard v. State, 491 N.W.2d 508, 509 (Iowa 1992). We look to legislative enactments, prior judicial decisions, and general legal principles as a source for the existence of a duty. VanEssen v. McCormick Enters. Co., 599 N.W.2d 716, 718 (Iowa 1999).
In their "Registered Representative's Agreement," LSSI appointed Rausch to solicit applications "for the purchase of allsecurities products which LSSI has approved for sale. . . ." All other business activities conducted by Rausch were considered "outside business activities," for which LSSI did not grant approval or exercise supervisory authority. LSSI engaged Rausch as an independent contractor only with respect to the sales of its own securities products.
The charitable gift annuity sold to Carter was, as a matter of law, not a security.[2] As the district court correctly noted, a "charitable gift annuity" is not a security under the Securities Act of 1933, 15 U.S.C.A. 77B(a)(1), the Securities Exchange Act of 1934, 15 U.S.C.A. 78C(a)(10), or the Iowa Securities Act. Iowa Code § 502.102(19) (2003). Rausch was therefore not acting within his authority as a registered representative of LSSI in recommending and marketing to Carter Mid-America's annuity, a product not "approved for sale" by LSSI.
LSSI and Mid-America are not affiliated and they have no business relationship. The Mid-America annuities were not offered or promoted by LSSI. Neither Carter nor the Rinikers had any communications with LSSI about the annuities before Carter purchased them. LSSI did not benefit financially from Rausch's sale of the annuities to Carter. These uncontroverted facts demonstrating the absence of a connection between LSSI and Mid-America or its annuities further support the district court's conclusion that LSSI owed no duty to the plaintiffs to supervise Rausch's business activities in this case. See Asplund v.Selected Inv. In Fin. Equities, 103 Ca. App. 4th 26, 42 (2001) (concluding a securities broker-dealer is not vicariously liable for actions taken by its registered representatives which are outside the representative's scope of employment).
B. Agency Relationship. We next address the district court's conclusion that there was no agency relationship, either actual or apparent, by which LSSI could be found vicariously liable for Rausch's actions concerning the Mid-America annuities. A principal is of course bound by its agent's actions undertaken within the scope of the agent's actual authority. Gabelmann v.NFO, Inc., 571 N.W.2d 476, 481 (Iowa 1997). Our supreme court has stated:
 Actual authority to act is created when a principal intentionally confers authority on the agent either by writing or through other conduct which, reasonably interpreted, allows the agent to believe that he has the power to act. Actual authority includes both express and implied authority. Express authority is derived from specific instructions by the principal in setting out duties, while implied authority is actual authority circumstantially proved.
Dillon v. City of Davenport, 366 N.W.2d 918, 924 (Iowa 1985) (citations omitted).
Rausch clearly had no actual authority to act on behalf of LSSI when he sold the annuities which are the subject of this case. As we have noted, the "Registered Representative's Agreement" between LSSI and Rausch expressly disavowed the notion that LSSI would have any supervisory capacity or authority over Rausch in connection with his sales of non-securities and other products not endorsed by LSSI. Indeed, there is simply no evidence in the summary judgment record from which a reasonable person could find LSSI authorized or endorsed the sale of Mid-America's annuities to the plaintiffs.
We next address the Rinikers' claim Raush had apparent authority to bind LSSI. Here the Rinikers rely on (1) the fact that Rausch's letterhead included the representation that Rausch was a "registered representative" of LSSI,[3] and (2) the fact that Rausch previously did business with them[4]
through LSSI. "Apparent authority is authority which, although not actually granted, has been knowingly permitted by the principal or which the principal holds the agent out as possessing." Magnusson Agency v. Public Entity, 560 N.W.2d 20,26 (Iowa 1997). Such authority arises as a consequence of "what the principal does, rather than by any acts of the agent."Grismore v. Consolidated Products Co., 232 Iowa 328, 335,5 N.W.2d 646, 651 (1942) (emphasis added). Thus, in order to establish Rausch's apparent authority, the Rinikers must show that LSSI acted in a manner that led Carter[5] to believe Rausch had authority to act on behalf of LSSI. Waukon AutoSupply v. Farmers Merch. Sav. Bank, 440 N.W.2d 844, 847 (Iowa 1989).
Because the court must focus on LSSI's actions, any representations made by Rausch are immaterial to the issue of apparent authority. There is no evidence in the summary judgment record from which a reasonable fact-finder could conclude Rausch acted with the apparent authority of LSSI in selling the Mid-America annuities to Carter.
C. Fraud and Misrepresentation. The district court concluded the plaintiffs' fraud and misrepresentation claims could not withstand summary judgment because the summary judgment is devoid of evidence that LSSI made any representations to the plaintiffs about the Mid-America annuities. We agree. Because a representation is one of the prima facie elements of a fraud claim, these claims fail as well. Sain v. Cedar Rapids CommunitySchool Dist., 626 N.W.2d 115, 128 (Iowa 2001); Gibson v. ITTHartford Ins. Co., 621 N.W.2d 388, 400 (Iowa 2001).
AFFIRMED.
[1] We reject the Rinikers' assertion that the district court's failure to expressly acknowledge its obligation to view the facts in a light most favorable to the non-movants must lead us to conclude the district court failed to apply that rudimentary principle of summary judgment law in this case. Our review of the challenged ruling is not compromised by the omission of the principle from the district court's ruling.
[2] We note that the Rinikers do not directly dispute on appeal the conclusion that a charitable gift annuity is not a "security." They instead maintain there was a reasonable basis for their belief that such an annuity was a security. Because the Rinikers do not argue on appeal that the district court erred in its conclusion that the annuities were not securities, we could but choose not to consider the issue waived. Iowa R. App. P. 6.14(1)(c).
[3] The letterhead also included LSSI's address and telephone number in addition to Rausch's address, telephone numbers, and fax number. Although the plaintiffs contend LSSI had the authority to inspect Rausch's business records, the summary judgment record contains no evidence that LSSI authorized or approved the form or content of Rausch's letterhead.
[4] This prior business between Rausch and the Rinikers was transacted before Rausch sold the annuities to Carter. The summary judgment record does not disclose whether Carter was aware of the prior business transactions between Rausch, as an agent of LSSI, and the Rinikers.
[5] There is no evidence in the summary judgment record tending to prove and the Rinikers do not claim on appeal that they were present when Rausch sold the annuities to Carter. The Rinikers did not purchase the annuities, and their involvement in the transactions was limited to their status as beneficiaries during their lifetimes after Carter's death.