# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1132
_____

Brian Foster

*Plaintiff - Appellant*

v.

Integrity Mutual Insurance Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: January 14, 2021
Filed: June 7, 2021
_____

Before LOKEN, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Brian Foster was injured in a cab driven by a drunk driver.  Integrity Mutual Insurance Company insured the taxi company, United Cab.  Foster sued Integrity for negligent performance of an undertaking, alleging that Integrity should have done a

better background check on the cab driver.  We affirm the district court's[1] grant of summary judgment to Integrity because it did not owe any duty to Foster under Iowa law.

I.

Mohamed Diriye, drunk and driving a United Cab taxi, drove off a Des Moines road and crashed into a creek, killing one passenger and injuring Brian Foster.  Diriye pleaded guilty to two state felonies and an aggravated misdemeanor.  Foster found out that the taxi company's insurer, Integrity, requested Diriye's driving record before the accident.

United Cab, through an independent insurance broker, submitted an insurance application to Integrity in October 2016.  As part of that application process, Integrity received motor vehicle records (MVRs) of all United Cab drivers.  Diriye's MVR showed that he had a valid Iowa chauffeur driver's license, no restrictions on his license, and one minor speeding offense.  His MVR referred to a search inquiry for "mohamed derive" and flagged the inquiry as a "possible MVR mismatch, please review to verify."  Integrity reviewed the records and issued United Cab a business and commercial liability policy a few weeks later.

The MVR did not show Diriye's 2012 Fourth Degree Driving While Impaired conviction from Minnesota.  In 2016, this would have made Diriye ineligible to drive a cab under a Des Moines city ordinance,[2] which did not allow cab drivers to have a driving-while-intoxicated conviction within ten years.

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Des Moines, Iowa, Ordinance 15,354 § 126-231(e)(8) (Mar. 9, 2015) (repealed Jan. 1, 2017).

After the accident, Integrity split the full policy limit between Foster and the estate of the other passenger. Foster, having reserved his right to sue, filed a state court lawsuit against Integrity for negligent performance of an undertaking. Integrity removed the case to federal district court under diversity jurisdiction and, after limited discovery, filed a motion for summary judgment. Foster now appeals the district court's grant of summary judgment to Integrity.

## II.

We review the district court's summary judgment decision and its interpretation of Iowa state law *de novo*. *Washburn v. Soper*, 319 F.3d 338, 340 (8th Cir. 2003). An Iowa negligence claim has four elements: "the existence of a duty to conform to a standard of conduct to protect others, a failure to conform to that standard, proximate cause, and damages." *Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (Iowa 2009) (citation omitted) (cleaned up).

The first question in any negligence case is "whether the defendant owed the plaintiff a legally recognized duty of care." *Jain v. Iowa*, 617 N.W.2d 293, 297 (Iowa 2000). Iowa defines duty "by the relationship between individuals; it is a legal obligation imposed upon one individual for the benefit of another person or particularized class of persons." *Sankey v. Richenberger*, 456 N.W.2d 206, 209 (Iowa 1990). "Because the existence of a duty under a given set of facts is a question of law for the court, it is properly resolvable by summary judgment." *Overturff v. Raddatz Funeral Servs., Inc.*, 757 N.W.2d 241, 245 (Iowa 2008).

Foster learned of the 2012 Minnesota DWI as part of the criminal investigation. We assume, without deciding, that Integrity could have discovered Diriye's 2012 Minnesota DWI, even though the Iowa Department of Transportation issued a

chauffeur's license in 2015 and did not show the DWI on his Iowa MVR, either when the policy was issued or in 2018 when Integrity moved for summary judgment.

The Iowa Supreme Court adopted the Restatement (Second) of Torts § 324A (Am. Law Inst. 1965) in *Thompson v. Bohlken*. 312 N.W.2d 501, 507 (Iowa 1981). That section describes a claim to third parties for negligent performance of an undertaking as:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> >
> > (b) he has undertaken to perform a duty owed by the other to the third person, or
> >
> > (c) the harm is suffered because of reliance on the other or a third party upon the undertaking.

§ 324A.

Foster says that Integrity's duty to United Cab's passengers arises because it increased his risk of harm by negligently checking Diriye's driving record, and, alternatively, because Foster and United Cab relied on Integrity's review of the driving records. *See* § 324A(a) and (c).

A.

Foster first argues that because Integrity required the MVRs for United Cab's drivers before issuing insurance and because Iowa law requires United Cab to carry liability insurance, Integrity increased Foster's risk of injury. According to Foster, a reasonable juror could infer that Integrity's negligence in not finding the Minnesota DWI increased Foster's risk under Section 324A(a).

The *Thompson* court explained that when the insurer's inspection made *no* recommendation about safety conditions, it did not increase the employee's risk under Section 324A(a). 312 N.W.2d at 508. Similarly, the Iowa Supreme Court analyzed a parallel provision from Section 323(a) in *Jain*. 617 N.W.2d at 299–300.[3] The *Jain* court explained that for there to be a duty, "the defendant's negligent performance must somehow put the plaintiff in a worse situation than if the defendant had never begun performance." *Id.* at 299 (quoting *Power v. Boles*, 673 N.E.2d 617, 620 (Ohio Ct. App. 1996)) (cleaned up). In *Jain*, the Iowa Supreme Court did not find a duty for a university with a policy of informing parents of self destructive behavior when it did not follow the policy. 617 N.W.2d at 299. The court found that while the student "may have been at risk of harming himself," "[n]o affirmative action by [the university] . . . increased that risk of self-harm." *Id.*

This case is similar. Foster was at risk of injuries from a taxi driver's negligence. United Cab hired Diriye, requested its own MVR and criminal record check, repeated the investigation annually, and sent him on the call to pick up Foster and his companion. Integrity's MVR review provided information for its underwriting risk, but, like in *Jain*, not informing United Cab of a driving violation was an omission rather than a "sin[] of commission." *Id.* (citation omitted). Even assuming that Integrity could have discovered the Minnesota DWI, Integrity's review

---

[3]Comment a of Section 324A provides that "[t]he rule stated in this Section parallels the one stated in § 323, as to the liability of the actor to the one to whom he has undertaken to render services. This Section deals with the liability to third persons."

of Diriye's records did not put Foster in a worse situation because United Cab put Diriye behind the wheel. Foster fails to establish a duty as a matter of law under Section 324A(a).

B.

Next, Foster argues that Integrity undertook a duty to passengers under Section 324A(c) because either Foster or United Cab relied on Integrity to screen taxi drivers. At the district court, Foster argued that "[a] reasonable jury could find that Integrity breached its duty of care . . . and that Plaintiff, like the general public, reasonably relied on the insurance company to screen taxicab drivers for any inordinate risk or law violation that would render a prospective driver effectively uninsurable." D. Ct. Dkt. 20-2 at 10. The district court found that United Cab did not rely[4] on Integrity's background check because it continued to "conduct[] pre-hire and annual reviews of its drivers' MVRs, despite the fact that the company knew that Integrity also reviewed the records." D. Ct. Dkt. 24 at 12.

The comment to the Restatement explains that "[w]here the reliance of the other, or of the third person, has induced him to forgo other remedies or precautions against such a risk, the harm results from the negligence as fully as if the actor had created the risk." § 324A, cmt. e. In *Thompson*, the Iowa Supreme Court found that an insurer had a duty of reasonable care to an injured employee of a business who relied on the insurer's semiannual safety surveys, assessments, and recommendations.

---

[4]On appeal, Integrity argues that Foster waived this argument because he did not raise this issue in his Response in Opposition to Summary Judgment. But the district court addressed United Cab's purported reliance in its order and we find no record that Integrity objected until this appeal. We will consider it. *See Combs v. The Cordish Co., Inc.*, 862 F.3d 671, 678–679 (8th Cir. 2017) (exercising the court's discretion to address a newly raised argument that requires no additional factual development and is a purely legal question).

312 N.W.2d at 508. There, the insurer undertook a duty to the injured employee under Section 324A(c) because the company considered the insurer to have greater safety knowledge, asked it to conduct a safety school, and relied on the insurer's site inspections. *Id*.

Foster argues that a reasonable juror could find that United Cab "relied upon and deferred to [Integrity]." Foster Br. 33. But Foster shows us no evidence that United Cab decided to forgo its own screening process or that Foster gave up other transportation because Integrity insured United Cab. This set of undisputed facts is different from *Thompson* and establishes no duty under Section 324A(c).

## III.

Because Foster cannot show that the insurer increased his risk or that he or the taxi company relied on the insurer's background checks, we find that Integrity did not undertake a duty to United Cab's passengers. Even if Integrity negligently missed an out-of-state offense, it is not liable to Foster as a matter of law. We affirm the district court's grant of summary judgment.

_____