# IN THE SUPREME COURT OF IOWA

No. 132 / 05-0793

Filed April 13, 2007

**DON WALDERBACH**,

    Appellant,

vs.

**ARCHDIOCESE OF DUBUQUE, INC.**,

    Appellee.

---

Appeal from the Iowa District Court for Dubuque County, Alan L. Pearson, Judge.

Plaintiff in suit against Archdiocese based on alleged sexual abuse by priest appeals from summary judgment for defendant. **AFFIRMED.**

Robert F. Wilson, Cedar Rapids, for appellant.

Brendan T. Quann and Davin C. Curtiss of O'Connor & Thomas, P.C., Dubuque, for appellee.

**LARSON, Justice.**

The plaintiff, Don Walderbach, sued the Archdiocese of Dubuque, contending he had suffered sexual abuse at the hands of Father Nicholas Cigrand, a teacher and assistant pastor in the Archdiocese. The defendant moved for summary judgment under Iowa Rule of Civil Procedure 1.981 on the ground there were no genuine issues of material fact that could support the plaintiff's claim. The district court granted the motion, and we affirm.

## I. *Facts.*

As a young man, Don Walderbach attended St. Patrick's School and served as an altar boy at St. Patrick's Church, both located in Ryan, Iowa, and part of the defendant Archdiocese. Father Nicholas Cigrand was an assistant pastor at the church and served as one of Walderbach's teachers and as his supervisor as an altar boy. Walderbach alleges that Father Cigrand sexually abused him on several occasions between 1966 and 1969. These incidents occurred in the rectory of St. Patrick's Church and in the church school.

According to Walderbach's deposition testimony, his memory of sexual abuse faded when he stopped attending St. Patrick's School and was no longer an altar boy. However, he claims he has had emotional problems all of his life due, at least in part, to the abuse by Father Cigrand. In April 2002 Walderbach's memory of these events returned after hearing about a cardinal in Florida who was arrested for abuse.

Upon regaining his memory of the events, Walderbach filed suit against the Archdiocese. Walderbach asserted the following claims against the Archdiocese: (1) assault and battery, (2) intentional infliction of emotional distress, (3) negligence based on a special relationship of the defendant and Father Cigrand, and (4) negligent supervision. In addition, Walderbach alleged vicarious liability under the doctrine of *respondeat*

*superior.* The plaintiff alleged, as to the claims of assault and battery, intentional infliction of emotional distress, and negligent supervision, that the defendant "knew or should have known" of Father Cigrand's actions. Because Father Cigrand was an employee of the Archdiocese, the Archdiocese owed the plaintiff a duty of care, according to the plaintiff.

The Archdiocese moved for summary judgment, arguing Walderbach's claims were untimely (not an issue on appeal). In addition, the defendant contended there was no genuine issue of material fact that (1) the Archdiocese knew, or should have known, of any sexual abuse by Father Cigrand; (2) the Archdiocese was Father Cigrand's employer; or (3) even if it were his employer, the acts alleged were within the scope of that employment.

## II. *Scope of Review.*

Review of a district court's ruling on a motion for summary judgment is for correction of errors at law. *Schlote v. Dawson,* 676 N.W.2d 187, 188 (Iowa 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). A question of fact exists "if reasonable minds can differ on how the issue should be resolved." *Walker v. Gribble,* 689 N.W.2d 104, 108 (Iowa 2004). In reviewing the district court's ruling, the evidence presented must be viewed in the "light most favorable to the party opposing the motion for summary judgment." *Kelly v. Iowa Mut. Ins. Co.,* 620 N.W.2d 637, 641 (Iowa 2000); *Gen. Car & Truck Leasing Sys., Inc. v. Lane & Waterman,* 557 N.W.2d 274, 276 (Iowa 1996). However, the opposing party "may not rest upon the mere allegations of his pleading but must set forth specific facts showing the existence of a genuine issue for

trial." *Hlubek v. Pelecky*, 701 N.W.2d 93, 95 (Iowa 2005); *see also* Iowa Rule Civ. P. 1.981(5). Speculation is insufficient to create a genuine issue of material fact. *Hlubek*, 701 N.W.2d at 96.

### III. *Defendant's Alleged Negligence.*

The defendant's motion for summary judgment challenged the sufficiency of the plaintiff's evidence to show a genuine issue of material fact on two issues necessary to establish a duty of care: whether the defendant knew of Father Cigrand's acts and whether an employer/employee relationship existed between the Archdiocese and Father Cigrand. The plaintiff's resistance to summary judgment was very general with respect to the defendant's duties toward the plaintiff. His resistance stated:

> The duties that the Archdiocese owed Walderbach and its other parishioners were based on its possession of jurisdictional authority over the selection, ordination, assignment, supervision, training, instruction, and retention in good standing of the diocesan priests it assigned to parishes within its jurisdiction, an administrative relationship fixed within the hierarchy of the Catholic Church.

First, the plaintiff contends he established a genuine issue of fact on the issue of whether an employer/employee relationship existed between the Archdiocese and Father Cigrand. Interestingly, the plaintiff's claim is based largely on an affidavit by Monsignor James O. Barta, which was introduced by the Archdiocese in support of its motion for summary judgment. This affidavit stated that

> Father Nicholas Cigrand was never an employee of The Archdiocese of Dubuque. St. Patrick's Church, Ryan, Iowa, is a corporation with Articles of Incorporation and Bylaws. It is a separate legal entity from The Archdiocese of Dubuque. While serving as an Assistant Pastor at St. Patrick's Church, Ryan, Iowa, Father Nicholas Cigrand was an independent contractor, receiving a salary from St. Patrick's Church. He was never an employee of The Archdiocese of Dubuque.

Factors indicating a relationship of employer and employee include: the right of selection or employment at will, the responsibility to pay wages, the right to terminate the relationship, the right to control the work, the benefit received by the alleged employer, and the intent of the parties. *Iowa Mut. Ins. Co. v. McCarthy,* 572 N.W.2d 537, 541-42 (Iowa 1997). We have said that "[i]n cases presenting a choice between categorizing a person as an employee or an independent contractor, the primary focus is on the extent of control by the employer over the details of the alleged employee's work." *Id.* at 542.

Walderbach contends that he has established enough evidence to prevail on the summary judgment issue by showing the Archdiocese has jurisdictional authority and assigns priests to parishes within its jurisdiction. He also contends that a priest owes duties of obedience and submission to the Archdiocese and that Father Cigrand was appointed and supervised by the Archdiocese and acted under its control and authority.

The Archdiocese responds that Father Cigrand was not an employee, but rather an independent contractor. In support of this argument, the Archdiocese relies on the vicar general's affidavit in which he states that Father Cigrand was not an employee, but was an independent contractor; that St. Patrick's Church is a separate legal entity with its own articles of incorporation and bylaws; and that Father Cigrand was paid a salary by St. Patrick's Church, not the Archdiocese. The Archdiocese contends that the "facts" Walderbach relies on to support his contention that an employer/employee relationship existed are not based on evidence contained in the summary judgment record, but on Walderbach's own arguments.

We agree with the district court that the plaintiff's evidence fails to generate a genuine issue of fact to establish an employer/employee relationship between the Archdiocese and Father Cigrand.

The plaintiff contends that the Archdiocese owed him a duty of care because of the defendant's knowledge of Father Cigrand's actions. The plaintiff contends that he presented evidence to show a material issue of fact on the issue of the Archdiocese's knowledge because the Archdiocese had custody of all of the church records from St. Patrick's Church. According to the plaintiff's argument, the Archdiocese would therefore necessarily be on notice of the details of Father Cigrand's "employment," including the acts of abuse. The problem is that nothing in the records even suggests any abuse by Father Cigrand. As Monsignor Barta stated in his affidavit, he had examined the files of the Archdiocese, and they showed Father Cigrand served as an assistant pastor of St. Patrick's Church from 1965 to 1968. His affidavit stated that no evidence appeared in the records to show Father Cigrand had committed abuse or even that there were any allegations of abuse.

The plaintiff also attempts to show the defendant had constructive knowledge of the abuse because, according to the plaintiff's deposition, a priest, "probably Father Cooney, the Pastor of St. Patrick's Church, witness[ed] at least one of Father Cigrand's acts of abuse." The plaintiff argues that this incident was sufficient to put the defendant Archdiocese on "constructive notice" of the abuse because the priest who presumably saw the incident would surely have reported it to the Archdiocese.

Based on the summary judgment record, a fact finder would necessarily have to speculate about who actually observed the act or acts of abuse and, if it was Father Cooney, that he reported this to the Archdiocese so as to put the Archdiocese on notice of the alleged abuse. This hypothesis

is merely speculative and fails to generate a genuine issue of fact to establish the Archdiocese knew of Father Cigrand's alleged abuse.

The district court properly granted summary judgment as to all of the counts alleging direct negligence of the Archdiocese based on the alleged acts of Father Cigrand. This leaves the issue of vicarious liability.

## IV. *Vicarious Liability.*

The plaintiff also argues that the Archdiocese is vicariously liable for the acts of abuse committed by Father Cigrand. A claim of vicarious liability under the doctrine of *respondeat superior* rests on two elements: proof of an employer/employee relationship (or employment as an independent contractor), and proof that the injury occurred within the scope of that relationship. *See Biddle v. Sartori Mem. Hosp.,* 518 N.W.2d 795, 797 (Iowa 1994). For the reasons already discussed, no genuine issue of material fact was generated to establish an employer/employee relationship.

The plaintiff also argues that, if Father Cigrand was not an employee, he was an independent contractor of the Archdiocese. He contends that, while sexual abuse is an intentional tort not ordinarily considered to be within the scope of one's employment, the Archdiocese could be held liable for the acts of abuse here because it "constructively ratified" Father Cigrand's acts. The plaintiff, however, failed to show a genuine issue of fact as to the Archdiocese's knowledge of the acts, so it could not be found liable on the basis it "constructively ratified" them.

We conclude that the trial court properly granted summary judgment in favor of the Archdiocese.

**AFFIRMED.**