# IN THE COURT OF APPEALS OF IOWA

No. 17-0011
Filed September 13, 2017

**ESTATE OF WAYNE BAKER, by its Executor, LISA JAMES,**
    Plaintiff-Appellee,

vs.

**ALLEN NEPPER, IN HIS CAPACITY AS CLOSING ATTORNEY AND ESCROW AGENT FOR THE SALE OF AN ACREAGE WITH SEPARATELY OWNED MACHINE SHED AND SHOP,**
    Defendant-Appellee,
and

**KATHY POPE, KRISTY MUNDEN, and DUSTIN POPE,**
    Intervenors-Appellants.
_____

Appeal from the Iowa District Court for Crawford County, Edward A. Jacobson, Judge.


Kathy Pope, Kristy Munden, and Dustin Pope appeal the district court's grant of summary judgment in favor of Wayne Baker. **AFFIRMED.**


Maura Sailer or Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for appellants.

Lance D. Ehmcke, Jacob V. Kline, and Allyson C. Dirksen of Heidman Law Firm, P.L.L.C., Sioux City, for appellees.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Kathy Pope, Kristy Munden, and Dustin Pope (the Intervenors) appeal the district court's grant of summary judgment in favor of Wayne Baker. We affirm.

## I. Background Facts and Proceedings

Baker moved to an acreage owned by his parents, Lula and Vernie Baker, in 1966 where he farmed with his father and operated a trucking business. In 1980 a large Morton-style machine shed was constructed on the property. The building was moveable except for a poured concrete pad. Further improvements and alterations were made to the building. Baker claims the construction and improvement of the shed were at his sole expense and his parents understood the building was solely his personal property.

Lula Baker died on September 5, 2014,[1] and her estate was opened on September 18. The estate made no claim to the shed. The acreage was to be auctioned on August 20, 2016. Baker was contacted by the auctioneer and asked to sell the building along with the acreage, as it would likely increase interest and the sale price. Baker consented and stopped preparing to move the building to another site. Baker participated in the auction and purchased the property, including the shed, for $240,000.

On August 22, Baker filed an action naming Allen Nepper, the closing and escrow agent, as defendant and claiming Baker was entitled to share in the proceeds of the sale under the terms of Lula's will. Kathy and Dustin Pope, with Kristy Munden, also beneficiaries of Lula's will, intervened in the action. On

---

[1] Vernie predeceased Lula.

November 1, Baker filed a motion for summary judgment, and on December 27, the motion was granted. The Intervenors now appeal.

## II. Standard of Review

We review a district court's grant of summary judgement for correction of errors at law. Iowa R. App. P. 6.907. Summary judgment is properly granted when the moving party demonstrates there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *W. Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.*, 503 N.W.2d 596, 598 (Iowa 1993). An issue is genuine "if the evidence is such that a reasonable finder of fact could return a verdict or decision for the nonmoving party." *Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 543 (Iowa 2006). We also review the record in the light most favorable to the nonmoving party. *Minor v. State*, 819 N.W.2d 383, 393 (Iowa 2012).

While we review the evidence in the light most favorable to the nonmoving party, the Intervenors "may not rest upon the mere allegations of [their] pleading but must set forth specific facts showing the existence of a genuine issue for trial." *Hlubek v. Pelecky*, 701 N.W.2d 93, 95 (Iowa 2005) (citing Iowa R. Civ. P. 1.981(5)). Mere "speculation is not sufficient to generate a genuine issue of fact." *Id.*

## III. Summary Judgment

The Intervenors claim three genuine issues of material fact remain unresolved: (1) the ownership of the shed, (2) the value of the shed, and (3) whether the mother's estate would be unduly enriched if it was allowed to keep the full proceeds of the sale of the building and acreage. Baker claims the

Intervenors did not sufficiently set forth specific facts alleging genuine issues for trial.

Baker submitted three affidavits in support of his motion for summary judgment. Two of the affidavits state Baker is the sole owner of the shed, and the third does not mention the shed at all but addresses issues related to the co-farming agreement. The same two affidavits state the value of the shed to be $133,000. Baker also submitted a professional appraisal for the value of the acreage and building that relied, in part, on the county assessor's report.

In resisting the motion, the Intervenors filed one affidavit and a print-out of the county assessor's valuation of the property. The affidavit stated, in part, "Wayne Baker has never provided any documentary evidence that he in fact paid for the construction, maintenance, and improvements of the [shed]." The print-out of the county assessor's valuation was the only evidence offered by the Intervenors regarding the value of the shed and acreage. The affidavit also noted Baker had not provided the "intricate detail of the farming arrangement that he had with his parents" nor "the split of income and expenses until after . . . Lula enters the nursing home." In other documents filed to resist the motion for summary judgment, the Intervenors also note Baker never paid rent to occupy the house on the acreage.

The district court did not consider any issues relating to unjust enrichment, as those claims were raised by the Intervenors "first in the Lula Baker Estate action. They should be addressed in that action and not in this one." We agree with the district court. The issues raised in this action were only the ownership of acreage, the ownership of the shed, and the division of the proceeds of the

auction. Our supreme court has held "the issues in a case must be made up by the parties litigant and cannot be changed or expanded by strangers to the case." *Briggs v. Bd. of Dirs. of Hinton Cmty. Sch. Dist.*, 282 N.W.2d 740, 744 (Iowa 1979). We hold the issue of unjust enrichment cannot be raised by the Intervenors here.

Considering all the evidence before it, the district court found:

> there is no dispute . . . that the Lula Baker Estate owns the subject acreage. The record before the Court contains evidence in the affidavits of Wayne Baker and Lisa Baker James that establish that Wayne Baker is the owner of the machine shed. . . . The interveners argue that more proof . . . should be required; however, considering the evidence that is before the court at this time, there is no conflicting evidence from which a reasonable finder of fact could make any conclusion other than that Wayne Baker is the owner of the . . . shed.

We agree with the district court's finding. No evidence was offered by the Intervenors placing the ownership of the shed in doubt. The statement in the Intervenor's affidavit simply pointed to a lack of documentary evidence and did not rise above mere "speculation." *See Hlubek*, 701 N.W.2d at 95.

In considering the proper valuation of the acreage and shed, the district court noted the only evidence of the value of the shed was Baker's statement:

> that the value is $133,000.00. Regarding the acreage, the Court has before it the appraisal from McGuire Auction Company that gives the opinion that the acreage has a fair market value as of the date of the auction of $107,000.00. The Court notes that the narrative analysis in the McGuire Auction Company appraisal contains five comparable sales, using in part County Assessor's property tax assessment reports. Those comparable sales for the five similar acreages had values of $58,683, $72,000, $108,000, $110,000 and $135,000. The interveners submitted as a part of their resistance what appears to be, without explanation from the Assessor, the County Assessor property tax assessment report for

> the subject acreage. It shows the acreage to have a value of $118,090. The average of all seven of these estimates is $101,253. . . . The acreage was sold at public auction, which is conclusively presumed to have been at fair market value. The sale price was $240,000. . . . The court needs only to know the fair market value of the acreage and the fair market value of the building will be self-explanatory. To that end, the only evidence before the court is the appraisal of McGuire Auction Company, which references county assessor property tax reports and also references five comparable sales where similar acreages sold without the benefit of the machine shed. That estimate by McGuire Auction Company is $107,000. The court has no other credible evidence before it. It appears that the property tax assessment was utilized by McGuire as part of his estimate of the value of the property.

We agree with the district court's assessment. The Intervenors offered only an unexplained print-out of the county assessor's valuation. The professional estimate offered by Baker incorporated the information offered by the Intervenors. We hold a reasonable finder of fact could not conclude the value of the shed was other than $133,000. Accordingly we affirm the district court's grant of summary judgment.

**AFFIRMED.**

Potterfield, J., concurs; Danilson, C.J., concurs in part and dissents in part.

**DANILSON, Chief Judge** (concurring in part and dissenting in part).

I respectfully dissent in part. I concur in all respects except in regard to valuation of the building. The value of the building was a genuine issue raised in the intervenors' filings in response to the motion for summary judgment. Specifically, the intervenors allege,

> The total sale price of the acreage was $240,000. Baker argues that the shed's value is $117,000. He arrives at this figure by taking the sale price of $240,000 and subtracting the fair market value of the property without the shed. According to the Crawford County Assessor, the shed (together with other improvements) accounts for only 14% of the total value of the acreage. Therefore, the most the shed could be worth under this analysis is $33,600. Notably, Baker did not provide any accounting for his alleged investment, and there is no appraisal of the shed.

The intervenors also attached to their filings a copy of the current valuation of the land, dwelling, and improvements from the Crawford County Assessor. This proof is sufficient to raise a genuine issue of material fact of the value of the building. I also note that Baker's calculation of the value of the building would encompass the value of the concrete flooring of the building which would appear to constitute a fixture and remain with the land. A fact question arises if reasonable minds can differ on how the issue should be resolved. *Walderbach v. Archdiocese of Dubuque, Inc.*, 730 N.W.2d 198, 199 (Iowa 2007). The court reviews the record in a light most favorable to the opposing party, and we "afford the opposing party every legitimate inference the record will bear." *Frontier Leasing Corp. v. Links Eng'g, L.L.C.*, 781 N.W.2d 772, 775 (Iowa 2010). Here, only a partial summary judgment should have been granted as a genuine issue of material fact existed concerning the value of the building.