# IN THE COURT OF APPEALS OF IOWA

No. 19-0386
Filed October 7, 2020

**NICHOLAS BREUER,**
    Plaintiff-Appellant,

**vs.**

**WEST BURLINGTON INDEPENDENT SCHOOL DISTRICT,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

Nicholas Breuer appeals an order granting West Burlington Independent School District's motion for summary judgment. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Robert A. Engberg and Brent Ruther of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

Nicholas Breuer sued West Burlington Independent School District (West Burlington). He alleged West Burlington is liable for wrongdoing by a former member of the West Burlington school board, Jay Day. But the district court concluded Day's acts did not fall within the scope of his duties as a board member. So the court granted summary judgment in West Burlington's favor. Breuer now appeals. We affirm.

## I. Factual Summary

Breuer was employed as a football coach for West Burlington. Breuer claims he was harmed by certain statements made by Day.[1] Specifically, Breuer alleges Day defamed him by making false statements on Day's personal Facebook page and to a local news reporter. Breuer also claims Day wrongfully disclosed confidential information about Breuer at a school board meeting and on Day's personal Facebook page. As one particular, Breuer alleges Day tried to get him fired at a school board meeting in Fall 2016. And he alleges Day posted on Facebook for people to come to the board meeting to help get Breuer fired.

West Burlington moved for summary judgment. West Burlington pointed out that its potential liability to Breuer "depend[s] on" his allegation that Day's wrongful acts occurred when Day "was acting in his scope and capacity as an elected representative of" West Burlington. And West Burlington argued, "[t]he undisputed facts . . . do not support that allegation."

---

[1] Breuer does not allege any wrongdoing by other school officials or board members.

The district court agreed. The court found that "no genuine issue of material fact exists as to whether Day was acting within the scope and capacity of a member of [West Burlington's] school board when he made the statements or disclosed the information which form[] the basis of this suit." So the court granted West Burlington's motion. Breuer appeals.

## II. Standard of Review

"We review a district court's summary judgment ruling 'for correction of errors at law.'" *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 36 (Iowa 2018) (quoting *Walderbach v. Archdiocese of Dubuque, Inc.*, 730 N.W.2d 198, 199 (Iowa 2007)). Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

## III. Analysis

Iowa Code chapter 670 (2017) governs tort liability of governmental subdivisions.[2] Under section 670.2(1), a "municipality" is generally "subject to liability for its torts and those of its *officers* and employees, *acting within the scope of their* employment or *duties*, whether arising out of a governmental or proprietary function." (Emphasis added.) And section 670.1(2) defines "municipality" to include a "school district" like West Burlington. *See also Buszka v. Iowa City Cmty. Sch. Dist.*, No. 16-0011, 2017 WL 512487, at *5 (Iowa Ct. App. Feb. 8, 2017). Moreover, section 670.1(3) defines "officer" to include members of a "governing

---

[2] West Burlington states it "disagrees with" the district court's application of section 670.2 to this case. But West Burlington does not elaborate on this issue. We choose to follow the district court's lead.

body," and section 670.1(1) defines "governing body" to include a "local school board."

So, because Day was a member of West Burlington's "school board," West Burlington is liable for any torts committed by Day when "acting within the scope of [his] duties" as a board member. *See* Iowa Code §§ 670.1, .2(1). And so, to resolve this appeal, we must answer two questions: (1) what were Day's duties as a board member; and (2) did Day's alleged statements fall within "the scope of" those duties? *See Vowles v. Yakish*, 179 N.W. 117, 119–20 (Iowa 1920).

The difficulty here is that we have found little record evidence—such as a governance policy—that defines the duties of West Burlington's school board members. Nor has Breuer cited any statutes or other legal authorities that define those duties. As a result, the record does not permit a conclusion as to whether Day acted within the scope of those duties when he made posts using his personal Facebook account and spoke to a news reporter. As to those allegations, we conclude Breuer has not met his obligation of "com[ing] forward with evidence to demonstrate that a genuine issue of fact is presented." *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007) ("A party resisting a motion for summary judgment cannot rely on the mere assertions in his pleadings but must come forward with evidence to demonstrate that a genuine issue of fact is presented.").[3]

---

[3] It is true that when Day was asked why he decided to post on Facebook about an incident that happened over a year ago, Day testified that "as a school board member there were still some parents that were very upset with . . . Coach Breuer and what took place and they were in . . . limbo. . . . There was no result of what took place." Yet, Day's motives alone are not enough to prove his actions were

As to Day's statements at a school board meeting, the question seems closer. Breuer asserts Day "tried to get the school board to fire Breuer at a school board meeting." And, as a general matter, it seems plausible that a board member's statements about a school employee at a board meeting could fall within the board member's duties. *See, e.g.*, *Cutler v. Bellefonte Area Sch. Dist.*, 97 F. Supp. 3d 586, 590 (M.D. Pa. 2015) (finding absolute immunity applied to school board member's comments that concerned a school district employee's termination and were made during a public school board meeting).

But in a sworn affidavit, Day testified that his statements at the board meeting were "not in any scope or capacity as an elected representative" on the Board. Instead, he testified, he "was only explaining [his] own personal position as to what [he] wanted the Board to do."

Breuer has not pointed to contrary evidence. Breuer has not cited—and we have not found—evidence to show Day's statements fell within his duties and were not simply expressions of his personal concerns as parent of the quarterback on the team Breuer coached.[4] By way of example, Breuer has not shown (1) his employment was on the Board's agenda for the meeting at issue, (2) his employment was the subject of any motion before the Board, or (3) there had been any call for discussion about Breuer's employment. In fact, it is undisputed that the school district superintendent stopped Day's comments and said the topic

---

within the scope of his duties as a board member. *See* Restatement (Second) of Agency § 229(2) (Am. Law. Inst. 1958).

[4] This had caused some conflict between Day and Breuer in the past.

would not be discussed.  This lends to Day's explanation that his statements were personal, not a part of the Board's business.

Breuer's testimony does not support a different conclusion.  In the affidavit Breuer filed in resistance to West Burlington's motion for summary judgment, Breuer addressed Day's "disclos[ure]" of "information to the public on his private media site" and "through the media."  But his affidavit did not even mention Day's actions at a school board meeting.

And in his deposition, Breuer testified he "can't answer" whether Day's comments at the board meeting were just expressions of Day's "personal opinion with respect to what he felt was being done with his student athlete and others." Breuer conceded he did not "know" if Day was expressing his position "as a parent or as part of the Board."  He simply does not know.

Given this record, we again conclude Breuer has failed to present "evidence to demonstrate that a genuine issue of fact is presented."  *Stevens*, 728 N.W.2d at 827.

## IV. Conclusion

Because there was no genuine issue of material fact, the district court was right to grant summary judgment.

**AFFIRMED.**