# IN THE COURT OF APPEALS OF IOWA

No. 20-0530
Filed March 17, 2021

**ERICH RIESENBERG,**
        Plaintiff-Appellant,

**vs.**

**CHRIS JOHANSEN, in his official capacity as Community Development Director, and CITY OF DES MOINES, IOWA,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.


        Erich Riesenberg appeals the order dismissing his petition for writ of

mandamus. **AFFIRMED.**


        Erich Riesenberg, Des Moines, self-represented appellant.

        Luke DeSmet, Assistant City Attorney, Des Moines, for appellees.


        Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Can a resident compel enforcement of a municipal ordinance until a violation abates?  Erich Riesenberg sought a writ of mandamus to require the City of Des Moines and its community development director to do so when neighboring property owners failed to repair a private sewer line that leaked waste onto his property.  He appeals the grant of summary judgment after the district court determined it lacked authority to require the city to take additional or different enforcement action.[1]

We review the grant of summary judgment on a petition for writ of mandamus for correction of errors at law.  *See Koenigs v. Mitchell Cty. Bd. of Supervisors*, 659 N.W.2d 589, 592 (Iowa 2003).  We view the record in the light most favorable to Riesenberg, affording him every legitimate inference the record will bear.  *See Frontier Leasing Corp. v. Links Eng'g, L.L.C.*, 781 N.W.2d 772, 775 (Iowa 2010).  The question is whether the record reveals any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.  *See* Iowa R. Civ. P. 1.981(3); *Walderbach v. Archdiocese of Dubuque, Inc.*, 730 N.W.2d 198, 199 (Iowa 2007).

"Mandamus is generally limited to occasions where an official or entity has a duty to act."  *Hicks v. Franklin Cty. Auditor*, 514 N.W.2d 431, 441 (Iowa 1994).  If the duty to act is discretionary, "mandamus will lie only if it is shown defendant

---

[1] Riesenberg timely filed a motion to review an order denying his request to amend his reply brief.  *See* Iowa R. App. P. 6.1001(6) (The action of a single court of appeals judge may be reviewed by the court of appeals upon a motion of a party).  We affirm the December 16, 2020 order denying Riesenberg's motion requesting leave to file an amended final reply brief.

acted arbitrarily or capriciously in denying the request." *Id.* (citation omitted). But the court will not issue an order of mandamus "in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." Iowa Code § 661.7 (2019).

A City of Des Moines ordinance prohibits the discharge of sewer water onto the surface of any ground, requiring that pipes carry it to a public sanitary sewer. In 2016, Riesenberg informed the city that raw human sewage was being discharged onto his property. The city determined that the sewage was coming from a leak in a private sewer line that runs to an adjacent property. The city sent a letter to the owners of the adjacent property, warning that it could take legal action if the owners failed to voluntarily repair the line.

The sewage leak temporarily abated, but Riesenberg informed the city in May 2018 that raw human sewage was again being discharged onto his property. The city sent another letter informing the owners of the neighboring property they were in violation of the ordinance prohibiting discharge of sewer water onto property. The city then issued a citation. The property owners admitted the violation and agreed to comply with the ordinance within ninety days. An order for stipulated agreement was entered by the district court. When the property owners failed to make the repairs, the city filed a contempt action. The property owners failed to appear at the contempt hearing. The court ordered that civil warrants for the arrest of the property owners be issued.[2]

---

[2] When the property owners appeared in September 2019, the court found them in contempt and ordered them to pay penalties and fines. After a November 2019 inspection, the city informed the owners that their residence was not only a menace to health and safety, but was also a public nuisance unfit for human habitation and

Riesenberg filed a petition for writ of mandamus in April 2019, asking the court to command the city to "take action to prevent the discharge or raw, human sewage on [his] property." The city moved for summary judgment in January 2020, arguing that (1) it had no duty to abate a broken sewer line it did not own, (2) any action it takes to enforce the ordinance is discretionary, and (3) Riesenberg has an adequate remedy at law. After a hearing, the court granted the city's motion and dismissed the case. It found that any legal duty to enforce the ordinance is discretionary and the city exercised its discretion in enforcing it:

> [Riesenberg] may be frustrated that the violation remains. That is understandable. He wants to be able to fully enjoy his property. It is difficult to do that when sewage waste is leaking out onto the property. However, the city cannot enter onto the property and correct the condition. The city started with more voluntarily compliance and has worked its way through progressively stronger enforcement efforts. Under these undisputed facts, [Riesenberg] cannot prove a breach of duty or that the city abused its discretion.

Viewing the evidence in the light most favorable to Riesenberg, we agree that the undisputed facts show the city is entitled to judgment as a matter of law. Although the issue with the sewage leak continued, the city took enforcement action. Before Riesenberg petitioned for writ of mandamus, the city warned the property owners it could pursue legal action if they failed to correct the problem, cited the owners for the ordinance violation, obtained a court-approved stipulated agreement, and initiated a contempt action. Since then, the city has declared the property to be a public nuisance and unfit for human habitation. It warned the owners that unless the violations were corrected within thirty days, the city council

___

directed that if occupied the property must be vacated immediately and remain vacant and unoccupied until the infractions are resolved. The property was in foreclosure at the time of the mandamus hearing.

could approve legal action. The city obtained a court order imposing a fine for the property owners' continuing violation of the agreement and order. Because the city reasonably exercised its discretion in taking action to enforce the ordinance, mandamus will not lie.[3] We affirm.

**AFFIRMED.**

---

[3] Riesenberg has another legal remedy; he may file a private nuisance action against the property owner(s) to abate the sewage leak. *See* Iowa Code § 657.1(1) (allowing a civil action to abate a nuisance that interferes with the comfortable enjoyment of property).