# IN THE COURT OF APPEALS OF IOWA

No. 20-0421
Filed June 30, 2021


**KELLY ANGSTROM and CHERYL ANGSTROM,**
    Plaintiffs-Appellants,

**vs.**

**CALHOUN COUNTY, IOWA, MICHAEL COOPER, CARL LEGORE and SCOTT JACOBS,**
    Defendants-Appellees,
_____

**CALHOUN COUNTY, IOWA,**
    Counterclaim Plaintiff,

**vs.**

**KELLY ANGSTROM and CHERYL ANGSTROM,**
    Defendants to Counterclaim.
_____


Appeal from the Iowa District Court for Calhoun County, Adria Kester,

Judge.


Lessors Kelly and Cheryl Angstrom appeal a district court order declaring

their lease agreement with Calhoun County void. **AFFIRMED.**


Ernest Kersten, Fort Dodge, for appellants.

Aaron W. Ahrendsen, John C. Werden, and Curt S. Steger of Eich Werden

Steger & Ahrendsen, P.C., Carroll, for appellees.


Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

Contracts entered "in contravention of a statute are void, and Iowa courts will not enforce" them. *Bank of the W. v. Kline*, 782 N.W.2d 453, 462 (Iowa 2010); *see Pike v. King*, 16 Iowa 49, 52 (1864). The district court declared a lease agreement void because Calhoun County (the County) failed to comply with Iowa Code sections 331.361 and 331.305 (2019). Lessors Kelly and Cheryl Angstrom appeal. We affirm.

**I. Factual Summary**

The story of this case begins with Ted and Jan George, who are not parties. The Georges owned property located on Twin Lakes Road in Rockwell City. In 2006, the Georges had a dispute with Calhoun County about the extent of their property. Both sides knew a quiet title action was "the one way" to resolve their dispute. But both sides wanted to avoid litigation. So, as a compromise, the County and the Georges entered into a lease agreement.

Significantly, the lease agreement did not resolve the parties' dispute over the extent of the Georges' property. But it did lease the right to keep docks in North Twin Lake to the Georges. In return, the Georges agreed to pay $1 per year. The lease's term was fifty years.

Later that year, the Angstroms bought the Georges' property, including their interest in the lease. Over a decade later, in 2017, the county attorney raised concerns that the Angstroms had breached the lease agreement by, among other things, attempting to limit the public's access to the lake. Then in 2018, the county attorney advised the Angstroms that the lease had been terminated because of their alleged breaches. In a separate letter, the county attorney contended the

lease was "void ab initio" because, before approving it, the Calhoun Board of Supervisors had not followed the notice requirements of section 331.305.

This litigation followed. The parties filed cross-motions for summary judgment. The district court concluded the lease was void. The Angstroms appeal.

## II. Standard of Review

"We review a district court's summary judgment ruling 'for correction of errors at law.'" *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 36 (Iowa 2018) (quoting *Walderbach v. Archdiocese of Dubuque, Inc.*, 730 N.W.2d 198, 199 (Iowa 2007)). Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

## III. Analysis

Here, the facts are undisputed, and the legal issues are fairly narrow. First, the Angstroms contend that, because the lease agreement did not trigger section 331.361(2), the County was not required to comply with the notice requirements of 331.305. Section 331.361(2)(a) provides:

> In disposing of an interest in real property by sale or exchange, by lease for a term of more than three years, or by gift, the following procedures shall be followed, except as otherwise provided by state law:
> The board shall set forth its proposal in a resolution and shall publish notice of the time and place of a public hearing on the proposal, in accordance with section 331.305.[1]

---

[1] Section 331.305 provides:
> Unless otherwise provided by state law, if notice of an election, hearing, or other official action is required by this chapter, the board shall publish the notice at least once, not less than four nor more than twenty days before the date of the election, hearing, or other action, in one or more newspapers which meet the

We look for the meaning of statutes in their texts, in the "words chosen by the legislature." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) (citation omitted).

In the Angstroms' view, section 331.361(2) did not apply because the agreement was not a "lease" or any other "dispos[ition] of an interest in real property." We disagree. Numbered paragraph 1 of the "lease agreement" states: "Lease of Disputed Property. Calhoun County, Iowa hereby leases to [the] George[s], their successors and assigns the Property as described below and shown on Attachment A of this Agreement." The description "below" is a set of boundaries for real estate. And "Attachment A" is a picture of land.

It is true, of course, the lease agreement has some severe limitations. Paragraph 5 clarifies: "The Property is being leased . . . solely for the purpose of placing a dock . . . ." But its limited scope does not change the lease's basic character. And it does not change our view that, as a matter of law, the lease agreement was a "lease" of "an interest in real property" for purposes of section 331.361(2).

Because section 331.361(2) applied, the County was required to comply with the notice requirements of section 321.305. And no one claims those requirements were met. It would appear, therefore, the lease is void. *See Miller v. Marshall Cnty.*, 641 N.W.2d 742, 750–51 (Iowa 2002) ("If a municipality fails to appropriately exercise its authority or comply with statutory procedures, the contract is void.").

---

requirements of section 618.14. Notice of an election shall also comply with section 49.53.

But the Angstroms claim the lease is saved by a curative provision, Iowa Code section 589.31. It provides:

> *All deeds and conveyances of land* executed by or purporting to be executed by the governing body of a city or county, and placed of record more than ten years earlier, *which deeds or conveyances purport to sustain the record title*, are legalized and valid, even though the record fails to show that all necessary steps in the conveyance and deeding of the property were complied with. The deeds and conveyances are legalized and valid as if the record showed that the law had been complied with, and that the conveyances and deeding had been duly authorized by the governing body of the city or county.

Iowa Code § 589.31 (emphasis added).

As the district court recognized, the key question under section 589.31 is whether the lease agreement constituted a "deed[] [or] conveyance of land . . . purport[ing] to sustain the record title." The Angstroms do not claim the lease agreement was a "deed." Instead, they argue that if the agreement is a "lease," it should also be considered a "conveyance of land." Moreover, the Angstroms note, the lease has been on file for more than ten years. In the Angstroms' view, these facts are enough to trigger section 589.31.

We disagree. We assume without deciding that a lease of real property rights—however limited in scope—might qualify as a "conveyance[] of land" for purposes of section 589.31. *See* Iowa Code § 4.1(13) ("The word 'land' and the phrases 'real estate' and 'real property' include lands, tenements, hereditaments, *and all rights thereto and interests therein, equitable as well as legal.*" (emphasis added)); *but see Tenney v. Atl. Assocs.*, 594 N.W.2d 11, 16 (Iowa 1999) (noting, in the context of apartment leases, "the traditional analysis of a lease as being a conveyance of an interest in land—with all the medieval connotations this often

brings—was reappraised, and found lacking in several respects" (citation omitted)).

As the district court understood, however, a "conveyance[] of land" only triggers section 589.31 if it "purport[s] to sustain the record title." And the Angstroms do not argue the lease "purport[s] to sustain the record title." So we conclude section 589.31 does not apply.

## IV. Conclusion

The district court was correct in declaring the lease agreement void.

**AFFIRMED.**