# IN THE COURT OF APPEALS OF IOWA

No. 21-0727
Filed June 29, 2022

**TRACY EVEN and ALL PURPOSE STORAGE, LLC,**
    Plaintiffs-Appellants,

**vs.**

**TITLE SERVICES CORPORATION,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, Linda Fangman,

Judge.


        Former and current owners of real estate appeal a summary judgment in

favor of the title appraiser.  **AFFIRMED.**


        David L. Brown of Hansen, McClintock & Riley, Des Moines, Joshua M.

Moon and David J. Dutton of Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson,

P.L.C., Waterloo, for appellants.

        Kevin J. Driscoll and Andrew T. Patton of Finley Law Firm, PC, Des Moines,

for appellee.


        Heard by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

Tracy Even and All Purpose Storage, LLC (APS) appeal a summary judgment ruling in favor of Title Services Corporation (TSC). We affirm.

**I. Background Facts and Prior Proceedings**

Even always had an interest in the mini-storage business. So he kept an eye on a property near his house that he thought would be a good location to build storage units.

On June 16, 2017, Even entered a purchase agreement to buy the property. The purchase agreement said Even was buying the property "SUBJECT . . . TO EXISTING EASEMENTS, IF ANY." The agreement also said that

> [a]t the time of the final payment hereunder, the [s]eller shall convey the premises to the [b]uyer by warranty deed and shall furnish the [b]uyer an abstract of title . . . . Within a reasonable time after the execution of this agreement, such abstract . . . shall be submitted to the [b]uyer for examination. Buyer or [b]uyer's attorney shall either approve the title or point out specific objections. After all valid objections have been satisfied or provided for, [s]eller shall have no obligation to pay for further abstracting excepting any made necessary by his own affairs.

Two days later, on June 18, the sellers signed the purchase agreement.

At the seller's request, TSC prepared an updated abstract and sent it to Even's attorney, who received it on June 28. TSC's abstract showed no easements on the property. Even's attorney then prepared a title opinion based on TSC's abstract. Like the abstract, the title opinion showed there were no easements on the property. Even's attorney provided the title opinion to Even the same day.

A couple weeks later, the sale closed. On July 13, Even paid the agreed-upon purchase price. On July 14, the sellers conveyed the property to Even and his spouse, Kimberly Anne Even.

On August 22—more than a month after the sale closed—Even formed APS, a limited liability company (LLC), for the purpose of operating a mini-storage business on the property. The certificate of organization identified Even as the only initial member of APS.

As Even prepared to begin building the mini-storage units, he discovered that there was a sewer easement on the property. This was confirmed in a May 2018 letter from Black Hawk County Abstract & Title. The letter explained that the sewer easement—which had not been identified in TSC's abstract—was granted in 1980.

Even after learning of the easement, though, Even did not consider selling the property and building elsewhere because he still liked the location. Instead, Even began construction of storage units on the property. The first units were constructed in the late summer and early fall of 2018.

In October 2018, Even and his spouse transferred the property to APS via quitclaim deed. APS leases the storage units to tenants.

In December 2019, Even brought this action against TSC. His petition alleged TSC "was negligent in disclosing the easement[,] which affects the title to this property[,] and is liable to [Even] for the damages he has sustained." Even later filed a motion to add APS as a plaintiff. The district court granted Even's motion.

TSC filed a motion for summary judgment. Among other things, TSC argued that (1) TSC did not owe a duty of care to APS and (2) TSC's failure to identify the easement was not the proximate cause of the damages claimed by Even. The district court granted TSC's motion. Even and APS appeal.

## II. Scope and Standard of Review

"We review a district court's summary judgment ruling 'for correction of errors at law.'" *Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 36 (Iowa 2018) (quoting *Walderbach v. Archdiocese of Dubuque, Inc.*, 730 N.W.2d 198, 199 (Iowa 2007)). Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

"We review the evidence in the light most favorable to the nonmoving party." *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007). But "[a] party resisting a motion for summary judgment cannot rely on the mere assertions in [its] pleadings but must come forward with evidence to demonstrate that a genuine issue of fact is presented." *Id.*

## III. Discussion

We start with an unavoidable fact: TSC made an error. It is undisputed that TSC should have identified the easement but failed to do so. Under Iowa law, though, not every error requires an award of money damages. Nor does every error require a jury trial to decide if a plaintiff should receive damages. So, even though TSC's error is clear, that alone does not tell us whether the district court should have permitted a trial on Even and APS's claims. Rather, to decide whether there should have been a trial, we must answer these three questions:

(1)     Under Iowa law, did TSC owe a duty of care to Even or APS?  If not,

        Iowa law will not permit them to recover damages.

(2)     Does evidence show that TSC's error caused Even to lose profits

        that he could have reaped by building storage units over the

        easement?   If not, Iowa law will not allow Even to recover

        compensation for that lost opportunity.

(3)     Does evidence show that TSC's error caused Even to lose money

        that Even would have gained by renegotiating with the sellers *if* Even

        had known about the easement before the sale closed?  If not, Iowa

        law will not allow Even to recover compensation for that lost

        opportunity.

We address each of these questions in turn.[1]

---

[1] Before considering the merits of Even and APS's claims, we clarify their nature. In both their appellate briefing and district court filings, it sometimes appears that Even and APS are pursuing *both* general negligence claims *and* negligent representation claims.  Yet, in response to TSC's summary judgment motion— through which TSC argued that the economic loss doctrine would bar any negligence claim in this case—Even and APS countered that "*a section 552* [of Restatement (Second) of Torts (1977)] negligence claim has always been understood as an economic tort allowing for the recovery of purely economic loss." (Emphasis added.)

Similarly, in their effort on appeal to show that TSC owed them a legal duty of care, Even and APS rely exclusively on section 552 of Restatement (Second) of Torts.  Their appellate brief asserts that "APS's claim, like Mr. Even's claim, is recognized by Iowa pursuant to the Iowa Supreme Court's adoption of section 522 of Restatement (Second) of Torts."   And Section 552 deals with claims for negligent misrepresentation, not general negligence.  Restatement (Second) of Torts § 552; *see Dinsdale Constr., LLC v. Lumber Specialties. Ltd.*, 888 N.W.2d 644, 649–650 (Iowa 2016) (applying section 552 of Restatement (Second) of Torts).

So we proceed with the understanding that Even and ABS are pursuing claims for negligent misrepresentation.  We note, however, that we see no reason to think the outcome of this appeal would be different if we characterized their claims in terms of general negligence instead.

**1. Duty of care**

We begin with the threshold issue of whether TSC owed Even and APS a duty of care. *See Sain v. Cedar Rapids Cmty. Sch. Dist.*, 626 N.W.2d 115, 124 (Iowa 2001) ("As with all negligence actions, an essential element of negligent misrepresentation is that the defendant must owe a duty of care to the plaintiff."). "The existence of a legal duty is a question of law." *Kolbe v. State*, 661 N.W.2d 142, 146 (Iowa 2003). Even and APS claim TSC owed them a duty under Section 552 of Restatement (Second) of Torts. It states, in pertinent part:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> (2) Except [in circumstances not relevant here], the liability stated in Subsection (1) is limited to loss suffered
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

Restatement (Second) of Torts § 552(1), (2).

As this excerpt shows, subsection (2) limits TSC's duty to (a) those to whom TSC provided the abstract and (b) those who TSC knew would receive the abstract and rely on it. *See Larsen v. United Fed. Sav. & Loan Ass'n of Des Moines*, 300 N.W.2d 281, 287 (Iowa 1981) ("It is plain from this language that liability may extend to losses sustained by more than one person, as long as the supplier of the information (1) intended to supply the information to that person . . . or (2) knew the recipient intended to supply it."). As to this latter category of downstream

recipients: It is not essential that TSC knew them "by name." *Burbach v. Radon Analytical Lab'ys, Inc.*, 652 N.W.2d 135, 137 (Iowa 2002) (citation omitted). Rather, it is enough if TSC supplied the abstract "for repetition to a certain group or class of persons" and the "plaintiff proves to be one of them." *Id.* (citation omitted); *but cf. Teunissen v. Orkin Exterminating Co.*, 484 N.W.2d 589, 591–92 (Iowa 1992) (noting the court "drew the line" in *Ryan v. Kanne*, 170 N.W.2d 395 (Iowa 1969), by "limiting the duty of a supplier of services to *known* third parties who reasonably rely on such services").

Here, the sellers of the property directed TSC to provide the abstract to Even. So, TSC had a duty of care to the sellers and to Even. However, TSC owed no duty to APS. APS points to no evidence that TSC knew the abstract would be supplied to APS—an LLC that had not yet been formed when the abstract was prepared—or to any "certain group or class of persons" of which APS was a part. *See Burbach*, 652 N.W.2d at 137 (citation omitted). We have considered APS's contention that "TSC knew" Even "was purchasing a commercial property and"—therefore—"should have foreseen" that Even "and any business entity he incorporated" at some unspecified future date "would rely on" TSC's abstract. But APS cites no evidence to support this line of reasoning. As one specific example, APS points to no evidence that TSC was aware or should have been aware that Even would ever transfer the property to APS or anyone else. *See Teunissen*, 484 N.W.2d at 591 ("Nor was Orkin aware that the property would be sold. So we can likewise scarcely say that Orkin actually foresaw that it was performing these services for the benefit of a prospective buyer.").

Because TSC owed no duty of care to APS, APS could not recover damages against TSC. So the district court was right to dismiss APS's claims. *See id.* We move forward only considering Even's claims.

**2. Profits lost because Even cannot build over the easement**

We start with Even's claim for lost profits he allegedly suffered because he was unable to build storage units over the easement and then rent out those additional units. To pursue this claim, Even must pass the "but for" causation test. Under this test,

> the defendant's conduct is a cause in fact of the plaintiff's harm if, but-for the defendant's conduct, that harm would not have occurred. The but-for test also implies a negative. If the plaintiff would have suffered the same harm had the defendant not acted negligently, the defendant's conduct is not a cause in fact of the harm.

*Garr v. City of Ottumwa*, 846 N.W.2d 865, 869 (Iowa 2014) (citation omitted).

Even runs into multiple roadblocks in attempting to pass the "but for" test. First, it is APS—not Even—that runs the storage business. So any lost income or profit would be suffered by APS, not Even. And APS is an LLC, which "is an entity distinct from its members." Iowa Code § 489.104(1) (2019). So Even never suffered the claimed harm.

Second, even if TSC had properly included the easement in the abstract, no storage units could have been built on the easement anyway. It was the existence of the easement itself—not TSC's failure to include the easement in the abstract—that prohibits construction of storage units on the easement. So Even cannot establish a "but for" connection between TSC's failure to include the easement in the abstract and any lost opportunity to build and rent additional mini-storage units. The district court was right to dismiss this claim.

### 3. Profits lost because Even could not renegotiate with the sellers

Finally, we consider Even's claim that—if the abstract had disclosed the easement—he would have negotiated a lower sale price with the sellers. TSC points out that the purchase agreement bound Even to purchase the property *subject to* any existing easements. And Even entered into the purchase agreement before receiving the abstract from TSC. So even before TSC ever presented the abstract, Even was contractually bound to pay the set sale price. And so, TSC contends, Even cannot show a "but for" connection between the price and TSC's failure to identify the easement in the abstract.

But the district court assumed that, notwithstanding Even's apparent obligation to pay the agreed-upon price, Even still could have tried to negotiate a better deal if he had learned of the easement before closing. All the same, the district court found there was insufficient evidence to submit Even's renegotiated-price claim to a jury. Among other things, the court noted Even's failure to produce evidence from which the jury could reasonably determine "the likelihood of being successful at renegotiation" and "what amount he could have gained out of the renegotiation."

We are compelled to agree. It was Even's burden to show that—"but for" TSC's negligence—Even's "injury would not have occurred." *Boone Cnty. Cmty. Credit Union v. Masel*, No. 02-0822, 2003 WL 1050344, at *4 (Iowa Ct. App. Mar. 12, 2003). This burden required evidence and could not "be satisfied by conjecture." *Blackhawk Bldg. Sys., Ltd. v. Law Firm of Aspelmeier, Fisch, Power, Warner & Engberg*, 428 N.W.2d 288, 291 (Iowa 1988). This meant that Even had to produce evidence that—if the abstract had disclosed the easement—the sellers

would have renegotiated and agreed to a lower price. But that kind of evidence is not in our record. Even's appellate brief cites no such evidence. Rather, Even concedes it is simply "unknown whether the seller would have been willing to negotiate on the purchase price of the property."[2] Given this record, we cannot say the district court erred by dismissing Even's renegotiated-price claim. *See, e.g.*, *Estling v. Willey*, No. 10-0261, 2011 WL 441779, at *7 (Iowa Ct. App. Feb. 9, 2011) (affirming grant of directed verdict where jury would have been left to speculate as to whether—absent defendant's negligence—plaintiff could have negotiated a better deal).

## IV. Conclusion

The district court was right to grant summary judgment. We affirm.

**AFFIRMED.**

---

[2] Even's brief also suggests that, if he had known of the easement, he might have simply declined to purchase the property. But he concedes it is simply "unknown what" he would have done if he had known of the easement. We agree. Therefore, we must find there is insufficient proof that—if TSC had identified the easement— Even would have avoided a financial loss by declining to purchase the property.