# IN THE COURT OF APPEALS OF IOWA

No. 22-0039
Filed December 21, 2022

**S.C., a minor, by her next of friend COURTNEY A. CHAFA, and COURTNEY A. CHAFA, Individually,**
        Plaintiffs-Appellants,

**vs.**

**CITY OF GREENFIELD,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Adair County, Terry Rickers, Judge.


        A parent, as the next of friend for her daughter, appeals a district court's order granting the city's motion to dismiss. **AFFIRMED.**


        Martin L. Fisher and Kyle W. Savage of The Fisher Law Firm, PC, Adair, for appellant.

        Janice Thomas and Cathy S. Trent-Vilim of Lamson Dugan & Murray LLP, West Des Moines, for appellee.


        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Courtney Chafa, individually and as the next of friend for her daughter, S.C., appeals a district court order granting the city of Greenfield's motion to dismiss.[1] She claims her petition adequately set out claims of negligence and strict liability against the city based on a dog attack. We find the court properly granted the city's motion to dismiss and affirm.

## I.      Background Facts & Proceedings

Chafa filed a petition on June 11, 2021, alleging the city of Greenfield (the city) was negligent when it failed to destroy a neighbor's dog that was unvaccinated for rabies prior to the dog attacking her daughter, S.C., on June 15, 2019. The dog bit S.C. while she was mowing her family's yard. The petition alleged that the dog "was known to the Greenfield Police" prior to the attack.

After the city moved to dismiss, Chafa amended the petition to include a claim of strict liability. The city filed a subsequent motion to dismiss following the amended petition claiming Chafa's negligence claim was barred by the public-duty doctrine. The city also claimed it was not the owner of the dog, therefore strict

---

[1] Iowa Rule of Civil Procedure 1.210 provides:

> An action of a minor or any person adjudged incompetent shall be brought by the person's conservator if there is one or, if not, by the person's guardian if there is one; otherwise the minor may sue by a next friend, and the incompetent by a conservator or guardian appointed by the court for that purpose. If it is in the person's best interest, the court may dismiss such action or substitute another conservator, guardian or next friend.

liability was precluded. The district court granted the city's motion to dismiss on both counts. Chafa appeals.[2]

## II.     Standard of Review

"We review a district court's ruling on a motion to dismiss for the correction of errors at law." *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014) (citation omitted). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Id.* "We will affirm a district court ruling that granted a motion to dismiss when the petition's allegations, taken as true, fail to state a claim upon which relief may be granted." *Id.*

## III.     Discussion

Chafa contends the district court erroneously granted the city's motion to dismiss. She claims her petition set out adequate facts to support her claims of negligence and strict liability.

### A.     Negligence

Chafa based her negligence claim on Iowa Code sections 351.26 and .37 (2019). Section 351.26 includes,

> It shall be lawful for any person, and the duty of all peace officers within their respective jurisdictions unless such jurisdictions shall have otherwise provided for the seizure and impoundment of dogs, to kill any dog for which a rabies vaccination tag is required, when the dog is not wearing a collar with rabies vaccination tag attached.

---

[2] We note Chafa's appellate brief lacks a statement concerning error preservation for the issues she raises on appeal. *See* Iowa R. App. P. 6.903(2)(g)(1). All parties are required to adhere to the appellate rules.

Section 351.37(1) provides that a dog "running at large" without a valid rabies vaccination tag "shall be apprehended and impounded" by law enforcement. Furthermore, the dog's owner must vaccinate the dog within seven days, or the dog "may be humanely destroyed." Iowa Code § 351.37(2)-(3). Chafa claimed the city's "employees, included [sic] but not limited to peace officers, have encountered this dog before, and failed to kill the animal as required by statute."

The district court found Chafa's claim was legally deficient because the city owed no duty to S.C. pursuant to the "public-duty doctrine." "[W]hether a duty is owed under particular circumstances is a matter of law for the court's determination." *Morris v. Legends Fieldhouse Bar & Grill, LLC*, 958 N.W.2d 817, 821 (Iowa 2021) (citation omitted). "[T]he public-duty doctrine examines whether the governmentsl entity owed any enforceable duty to plaintiffs to begin with." *Breese v. City of Burlington*, 945 N.W.2d 12, 18 (Iowa 2020). It is commonly said that, under this doctrine, "a duty [owed by the government] to all is a duty to none." *Fulps v. City of Urbandale*, 956 N.W.2d 469, 473 (Iowa 2021) (alteration in original) (citation omitted). More specifically,

> [T]he public-duty doctrine generally comes into play only when there is a confluence of two factors. First, the injury to the plaintiff was directly caused or inflicted by a third party or other independent force. Second, the plaintiff alleges a governmental entity or actor breached a uniquely governmental duty, usually, but not always, imposed by statute, rule, or ordinance to protect the plaintiff from the third party or other independent force. Even then, the existence of a special relationship will negate the public-duty doctrine.

*Id.* at 473–74. The doctrine most often applies when the plaintiff's claims are based on the government entity's act of "nonfeasance," that is, "a government failure to adequately enforce criminal or regulatory laws for the benefit of the general public

. . . or a government failure to protect the general public from somebody else's instrumentality." *Id.* at 475 (quoting *Breese*, 945 N.W.2d at 21).

Here, the district court correctly found the doctrine applied and precluded Chafa's negligence claim. The injury to S.C. was caused by a third party—the neighbor's dog attacking her.

Second, Chafa claims the city breached a duty imposed by sections 531.26 and .37 by failing to apprehend and either vaccinate or destroy the dog. Thus, according to Chafa, the city breached a duty imposed by statute for the general public's safety—everyone benefits when there are fewer rabid dogs on the loose. Further, we note this case is one of classic nonfeasance—Chafa's allegations relate to the city's failure to enforce a statute. *See Breece*, 945 N.W.2d at 21 ("What is clear is that we have generally applied the public-duty doctrine when the allegation is a government failure to adequately enforce criminal or regulatory laws for the benefit of the general public."). This establishes the applicability of the public-duty doctrine. Additionally, because that duty applies to the public at large and Chafa has not presented any other facts suggesting otherwise, there is no special relationship between Chafa and the city. *See Rass v. State*, 729 N.W.2d 444, 446 (Iowa 2007) (finding that an individual on government owned property was an invitee and therefore a special relationship existed);[3] *Summy v. City of Des Moines*, 708 N.W.2d 333, 335 (Iowa 2006) (finding a golfer at a municipal golf

---

[3] Chafa disagrees with the district court's reliance on *Raas* due to factual differences between that case and the present one. However, Chafa failed to identify any facts in her petition that would give rise to a special relationship.

course had a special relationship with the city), *overruled on other grounds by Alcala v. Marriot Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016).

Chafa claims the public-duty doctrine is inapplicable because the alleged duty the city breached was not "uniquely governmental." *See Fulps*, 956 N.W.2d at 473. She notes that section 351.26 provides, "It shall be lawful for *any person* . . . to kill any dog" lacking a rabies vaccination tag. (Emphasis added.) However, that section is permissive as to the general public, while it is mandatory to peace officers. *See* Iowa Code § 351.26 ("It shall be . . . the duty of all peace officers . . . ."). Laypersons are not required to apprehend and destroy dogs lacking tags; they are merely protected from liability if they choose to do so. *Id.* In contrast, only government officials have the affirmative duty to destroy such dogs. *Id.* Thus, the duty Chafa claims the city breached is a uniquely governmental one.

Because the public-duty exception demonstrates the city owed Chafa no duty to protect her or her family from dogs identified by statute in sections 351.26 and .37, Chafa failed to set out a claim for which relief could be granted. The court properly granted the city's motion to dismiss as to Chafa's negligence claim.[4]

**B.     Strict Liability**

Chafa claims the district court erred by granting the city's motion to dismiss her strict liability claim. In particular, she claims that as the owner of the unvaccinated dog with dangerous propensities, the city is liable for the attack. The district court determined that the city was not the dog's owner under

---

[4] Chafa also asks us to abandon the public-duty doctrine in its entirety. However, our supreme court noted only months ago, "the public-duty doctrine remains 'alive and well in Iowa.'" *Est. of Farrell v. State*, 974 N.W.2d 132, 137 (Iowa 2022) (citation omitted).

section 351.28, which imposes liability for damages done by dogs on "[t]he owner of [the] dog."[5]

Chafa essentially claims that a number of code provisions, when read together, produce the result of rendering dangerous dogs ownerless. First, Iowa Code section 351.25 notes that "[d]ogs not provided with a rabies vaccination tag shall not be deemed property." Section 351.33 commands, "It shall be unlawful for any person to own or have a dog in the person's possession . . . which has not been vaccinated against rabies." Section 351.28 provides that "the owner," which means "the legal owner," of a dog is liable for any damages it causes. *See Fouts ex rel. Jensen v. Mason*, 592 N.W.2d 33, 37 (Iowa 1999). Thus, according to Chafa, the code makes it impossible for those who own dogs lacking a rabies vaccination and accompanying tag to be held liable for damages caused by the dogs because the dogs are not lawfully owned and are not property.

We disagree with Chafa's claims for several reasons. First, even taking the analysis as true—which we do not—it is unclear how her neighbor's lack of lawful ownership in the dog means the city is the dog's legal owner. Chafa's analysis would merely render the dog ownerless. Second, our supreme court has already addressed that, "[p]resumably, establishing legal title [to a dog] is not an absolute requirement." *Id.* Instead, "the plaintiff can still prove the defendant is the owner of the dog by showing that (1) the dog was in the defendant's possession, and (2)

---

[5] After disputing the legal grounds the district court relied on in its analysis of statutory liability, Chafa claims on appeal that she was actually bringing a common law strict liability claim. However, the district court never ruled on such a claim. And Chafa failed to file a motion to reconsider, enlarge or amend pursuant to Iowa R. Civ. P. 1.904(2). As such, her common law strict liability claim is unpreserved for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

the defendant was harboring the dog on the defendant's premises as owners usually do with their dogs."[6]  *Id.*  Chafa never alleges the city was "harboring the dog on the defendant's premises as owners usually do."  Indeed, her petition acknowledges that it was the "neighbor's dog" that attacked S.C. on the family's property.  And as the district court aptly noted, it is illogical to say the city was negligent in failing to apprehend the dog while simultaneously claiming the city had sufficient control to be considered its owner.

Because Chafa cannot as a matter of law establish the city owned the dog, as is required to impose liability under Iowa Code section 351.28, she failed to set out a claim upon which relief may be granted.  The court properly granted the motion to dismiss.

As noted by the district court, under notice pleading, nearly every case will survive a motion to dismiss.  *Smith v. Smith*, 513 N.W.2d, 728, 730 (Iowa 1994).  Our supreme court highlighted the pitfalls to granting a motion to dismiss.

> We recognize the temptation is strong for a defendant to strike a vulnerable petition at the earliest opportunity.  Experience has however taught us that vast judicial resources could be saved with the exercise of more professional patience.  Under the foregoing rules dismissals of many of the weakest cases must be reversed on appeal.  Two appeals often result where one would have sufficed had the defense moved by way of summary judgment, or even by way of defense at trial.  From a defendant's standpoint, moreover, it is far from unknown for the flimsiest of cases to gain strength when its dismissal is reversed on appeal.

---

[6] We note that Chafa contends *Fouts* is inapposite because it dealt with legally owned, vaccinated dogs.  However, the issue as presented by Chafa is who owned the dog that lacked a rabies vaccine tag, thus calling into question legal ownership.  *Fouts* firmly addressed the issue of identifying ownership when legal ownership is unclear.

*Cutler v. Klass, Whicher & Mishne*, 473 N.W.2d 178, 181 (Iowa 1991).

Like the district court, we recognize the limitations on granting a motion to dismiss under notice pleading.  But a dismissal is a foregone conclusion when the petition fails to state a claim upon which relief can be granted.  This is such a case.  For the above stated reasons, we determine dismissal was appropriate under both the negligence and strict liability claims.  Accordingly, we affirm the district court.

**AFFIRMED.**