# IN THE COURT OF APPEALS OF IOWA

No. 24-1601
Filed August 20, 2025

**MEGAN JORDAN, Individually and as Mother and Next Friend of M.E.H. and K.J.J.,**
    Plaintiff-Appellant,

**vs.**

**LINN COUNTY, IOWA and LINN COUNTY, IOWA d/b/a LINN COUNTY SHERIFF'S DEPARTMENT,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

    A plaintiff appeals from the district court's ruling on Linn County's motion for summary judgment. **AFFIRMED.**

    James K. Weston II of Tom Riley Law Firm, Iowa City, for appellant.

    Elena Wolford, Assistant County Attorney, for appellees.

    Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

Megan Jordan appeals from the district court's ruling on Linn County's motion for summary judgment. Jordan[1] sued Linn County[2] for negligence after a prisoner escaped the Linn County Sheriff's custody during transport, broke into her house, held her and her children hostage at knifepoint, and stole her vehicle. She argues summary judgment was in error because the County's conduct was misfeasance and she was a foreseeable victim—thus, the public-duty doctrine does not apply. Finding no error, we affirm.

## I. Background Facts and Proceedings

We recite the facts in the light most favorable to Jordan. *See Kolarik v. Cory Int'l Corp.*, 721 N.W.2d 159, 162 (Iowa 2006) ("In ruling on a summary judgment motion, the court must look at the facts in a light most favorable to the party resisting the motion." (citation omitted)). Tyler Deemer was being transported from the Linn County Correctional Center to a medical appointment at private clinic by a deputy for the Linn County Sheriff in Cedar Rapids on February 8, 2022. The Linn County Sheriff was providing Deemer, an inmate at the correctional center, medical care pursuant to the county's statutory obligations under Iowa Code section 356.5 (2022).

During the transport, Deemer managed to "partially remove his handcuffs and leg shackles." When the squad car transporting Deemer arrived at the clinic, the deputy walked over to the rear passenger door and began to open it. As the

---

[1] Jordan also sued on behalf of her two minor children, M.E.H. and K.J.J. We refer to Jordan as the plaintiff for ease of reading.

[2] Jordan's petition also named "Linn County, Iowa d/b/a Linn County Sheriff's Department" as a separate defendant. We refer to the defendants as "the County."

deputy opened the door, Deemer "violently pushed" the door open and emerged, running east in the direction of Jordan's home.

Deemer then "forcefully broke into" Jordan's home. Jordan and her two children were in the home at that time. Deemer found a knife and ordered Jordan and her children into the laundry room. He then changed into Jordan's husband's clothing and threatened the family, telling them, "I've got nothing to lose." He then moved the family upstairs to a bedroom where he demanded money, drugs, and a gun. He "ransacked" the home in search of a gun. After an hour, Deemer left the home in Jordan's vehicle.

Following this incident, Jordan sued the County. The County moved for summary judgment, which the district court granted. The district court found the public-duty doctrine barred Jordan's claims because Jordan's "argument regarding misfeasance is unpersuasive and [Jordan] assert[s] no special relationship to [the County]." The court was "convinced by the record before it that [the County] did not affirmatively act and did not stand in a special relationship with [Jordan]."

Jordan now appeals that ruling.

## II. Standard of Review

We review district court rulings on motions for summary judgment for correction of legal error. *See* Iowa R. App. P. 6.907. We view evidence in the light most favorable to the party opposing summary judgment. *Kunde v. Est. of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018). Issues may be resolved through summary judgment if there is no genuine factual dispute and only a legal dispute remains. *Wallace v. Des Moines Indep. Comm. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008).

### III. Discussion

The public-duty doctrine establishes that "if a duty is owed to the public generally, there is no liability to an individual member of that group." *Johnson v. Humboldt Cnty.*, 913 N.W.2d 256, 260 (Iowa 2018) (citation omitted). If the government owes a duty to the public at large, a breach of that duty "is not actionable unless the plaintiff can establish, based on the unique or particular facts of the case, a special relationship between the governmental entity and the injured plaintiff." *Id.* (cleaned up). Law enforcement has no obligation to protect the general public from injuries inflicted by a criminal, unless a special relationship exists between the law enforcement entity and the individual harmed. *Raas v. State*, 729 N.W.2d 444, 450 (Iowa 2007).

The public-duty doctrine exists out of concern for "the limited resources of governmental entities—combined with the many demands on those entities." *Breese v. City of Burlington*, 945 N.W.2d 12, 20 (Iowa 2020). The doctrine does not protect a government "entity when it affirmatively acts and does so negligently." *Id.* When a government employee's affirmative acts "'actually cause the harm, the public duty doctrine does not apply.' 'In practice, courts seem more likely to apply the public duty doctrine when a government employee negligently fails to act and allows harm to occur (nonfeasance) than when the employee negligently acts and causes harm (misfeasance).'" *Id.* (internal citations omitted). But a law enforcement officer's failure to prevent a crime does not provide a basis for relief barring a special relationship to the injured person. *See Sankey v. Richenberger*, 456 N.W.2d 206, 209 (Iowa 1990).

Like the district court, we are unconvinced by Jordan's claims that the County's conduct was misfeasance and she was a foreseeable victim which created a special relationship between her and the County.

Jordan's argues a special relationship existed because it was foreseeable that Deemer would attempt to escape custody and break into a nearby home. We fail to understand how this creates a special relationship unique to Jordan separate from the general public. The County undoubtedly has the need to transport prisoners to many different locations, requiring travel through and near many residential neighborhoods. Jordan's special relationship argument would thus create a special relationship between the County and a large plurality of the general public, which is at odds with the intent of the public-duty doctrine.

Even if we were to interpret Jordan's argument to be that the special relationship existed only for the homes near the route of this specific transport, there are still many members of the public—possibly hundreds—that would have a special relationship with the County due to the proximity of their homes to the transport. Jordan cites no case law suggesting a special relationship might extend to such a large and indefinite population. Jordan and her children were not invitees at the medical clinic, had never met Deemer, and had never previously been victimized by his criminal acts.

Her argument that she was a foreseeable victim of a prisoner's crime is not compelling—any member of the general public is in some sense a potentially foreseeable victim of crime by an escaped inmate. *Cf. Raas*, 729 N.W.2d at 450 (finding that a man attacked by escaped prisoners while fishing along a river was a member of the general public and not a foreseeable victim). Because no special

relationship existed between Jordan and the County and Jordan was not a foreseeable victim of Deemer's criminal acts, her claims are barred by the public-duty doctrine.

Additionally, the County engaged in no misfeasance which would circumvent the public-duty doctrine. In situations where the public-duty doctrine applies, the plaintiff must show that the government engaged in misfeasance, rather than nonfeasance. *Fulps v. City of Urbandale*, 956 N.W.2d 469, 475 (Iowa 2021). The government's "failure to adequately enforce criminal or regulatory laws for the benefit of the general public" or its "failure to protect the general public from somebody else's instrumentality" are not misfeasance. *Id.* Failures to affirmatively act to protect the public are nonfeasance. *See id.*

Jordan suggests that the County's decision to fulfill its statutory duties to provide its prisoners healthcare by "actively taking Deemer, a known violent criminal" to his medical appointment created an "absurd series of negligent acts that culminated in Deemer's escape." But the only *affirmative*[3] negligent act Jordan alleges is in the deputy's failure to overpower Deemer when Deemer violently pushed the car door open and ran away. The district court addressed the other allegedly negligent acts in its well-reasoned ruling on summary judgment:

> While [the County] did take Deemer outside the confines of the Linn County Jail, and into the public, these actions are not affirmatively negligent actions so as to bar the application of the public-duty doctrine. The Court finds [*Kolbe v. State,* 625 N.W.2d 721 (Iowa 2001)] instructive on this point. In *Kolbe*, while the state took the action of issuing a driver's license to a driver with a congenital visual impairment, the harm occurred due to the state's failure to enforce the licensing provisions of Chapter 321 of the Iowa Code. 625 N.W.2d at 729–30. Similarly, [the County] here took the action of

---

[3] As opposed to failing to search Deemer for tools used to escape—nonfeasance.

transferring Deemer to a public location, but the harm occurred because of [the County's] alleged failure to enforce certain safety protocols. Similar to the defendants in *Raas*, *Kolbe*, and *Sankey*, the public-duty doctrine is applicable here because [the County] failed to adequately enforce criminal or regulatory laws for the benefit of the general public. Accordingly, the Court finds [the County's] actions constitute nonfeasance and the public-duty doctrine should apply to bar [Jordan's] claims unless a "special relationship" exists between the parties.

We concur with the district court's analysis on the issue of misfeasance. Jordan has not asserted any act of misfeasance which would circumvent the public-duty doctrine and subject the County to liability for the injuries Deemer inflicted on Jordan and her children.

Because the public-duty doctrine applies and Jordan has not identified any acts of misfeasance by the County, the district court committed no legal error in granting summary judgment for the County

**AFFIRMED.**